Digby, &c. v. Kenton Iron Company.

CASE 33—PETITION—SEPTEMBER 22.

# Digby, &c. v. Kenton Iron Company.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

1. The state courts have jurisdiction of personal actions by the owners of one boat against the owners of another boat for damages occasioned by a collision on the Ohio River.

2. DAMAGES RECOVERED AGAINST THE PARTY IN FAULT IN A COLLI-SION OF BOATS ON THE OHIO RIVER.

    A coke-boat moored in the Ohio River was run against by a wood-boat and sunk. In a personal action for damages by the owners of the coke-boat against the owners of the wood-boat the defendants also claimed damages by way of counter-claim. *Held*, that

    The owners of the coke-boat could not recover unless the owners of the wood-boat, by their carelessness and want of skill, brought about the collision; and not even then if the coke-boat was so carelessly moored in the river as to obstruct navigation by the wood-boat under ordinary skill, etc.

3. It was the duty of the owners of the wood-boat, although the coke-boat was or might have been moored in the channel of the river at the time, to have used all the skill that prudent and discreet boatmen should have used to avoid the collision, and in the absence of this prudent care the owners of the coke-boat were entitled to recover, unless it was shown that the boat was moored there for the very purpose of having the collision take place.

4. If the plaintiffs' boat was obstructing navigation, the defendants' boat had no right to sink it, although it might have been avoided with ordinary care and prudence.

5. If a boat is damaged by an obstruction placed in the channel, or where boats usually run, and such damage could not have been prevented by the exercise of proper skill and management of the boat, the party thus placing the obstruction in the river would be liable in damages.

6. A stockholder of a corporation, being introduced as a witness in behalf of the corporation, testified that he was interested in the profits, etc. The refusal of the court below to permit this witness to answer

Digby, &c. v. Kenton Iron Company.

questions as to the condition of the company and his interest therein is no ground for reversal in this case.

HALLAM & HALLAM, ⎫
JOHN G. CARLISLE,   ⎬ . . . . . . .  For Appellants,
                              ⎭

CITED

Civil Code, section 675; 670, subdivision 6.
Constitution of the United States, section 2, article 3.
Story on Constitution, section 1666.
Rawle on Constitution, chapter 21, page 202.
Judiciary Act, 1789, 1 Statutes at Large U. S. 73.
Benedict's Admiralty, sections 217, 221.
Shearman & Redfield on Negligence, sections 23, 33, 34.
5 Howard, 458, Waring v. Clark.
1 Kent, section 17, page 351.
1 Blackstone (Tucker's), appendix, 181, 182.
2 Elliott's Debates, 390.          49 Illinois, 501.
1 Wheat. 333, Martin v. Hunter.
12 Howard, 443, Gennessee Chief.
4 Wallace, 355, Hine v. Trevor.
8 Wallace, 15, The Eagle.
20 Howard, 296, Jackson v. The Magnolia.
2 Car. & K. 160, Toulmin v. Hedley.
61 English Common Law Reports, 160.
18 New York, 248, Button v. Hudson Railroad Company.
17 Wisconsin, 428, Chicago, &c. Railroad Co. v. Goss.
2 Duvall, 114, Louisville & Nashville R. R. Co. v. Collins.
4 Bush, 507, Louisville & Nashville R. R. Co. v. Robinson.
6 Bush, 574, Louisville & Nashville R. R. Co. v. Filburn.
16 Peters, Prigg v. Commonwealth of Pennsylvania.

JOHN F. & CHAS. H. FISK, ⎫
F. M. WEBSTER, . . . .   ⎬ . . . .  For Appellees,
                              ⎭

CITED

6 Bush, 25, Roke v. The Owners of Steamboat Potomac.
3 Bush, 438, Stewart v. Harry.
5 Bush, 607, Marshall & Kilpatrick v. H. H. Curtis, &c.
4 Wallace, 571, Hine v. Trevor.
4 Wallace, 427, The Moses Taylor.
12 Howard, 459, Gennessee Chief.
22 Howard, 243, Sinnot, &c. v. Davenport.
2 Hilliard on Torts, section 9, page 292.
Benedict's Admiralty, sections 317, 391.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellees, the Kenton Iron Company, instituted their action by ordinary proceeding in the Campbell Circuit Court to recover of the appellants, J. S. Digby and others, damages for the loss of a boat-load of coke, caused, as they allege, by the negligence of the appellants in bringing about a collision between a wood-boat they were at the time controlling and the coke-boat of the appellees, on the waters of the Ohio River, near Newport.

The appellants filed their answer, containing various defenses in separate paragraphs, and also a counter-claim, in which they allege that the appellees had so moored their boat in the Ohio River as to obstruct navigation, and that by reason of this wrongful act, and without any fault on their part, the collision took place; and that the boat and cargo of appellants had been much injured, and for which they claimed damages.

Issues were formed upon the pleadings, and after the introduction of the testimony, which conflicted upon many material points, the jury rendered a verdict against the appellants for fifteen hundred dollars in damages. A motion was made during the progress of the trial, and after the conclusion of the appellees' testimony, to dismiss the case for the want of jurisdiction, insisting that the jurisdiction in such cases belonged exclusively to the Federal tribunals of the country.

This same question was made in the case of Stewart v. Harry, 3 Bush, 439, and in the case of Marshall & Kilpatrick v. Curtis, &c., 5 Bush, 607. This court in these cases decided that the judiciary act of Congress of the 24th of September, 1789, saves to the state courts a common law jurisdiction, with common law remedies. This is not a proceeding *in rem*, but the parties are pursuing a personal remedy. The question is clearly settled in the cases referred to, and the court very properly overruled the motion to dismiss the case.

Digby, &c. v. Kenton Iron Company.

The motion for a new trial made by the appellants was overruled, and they now allege for error:

1. That the instruction given by the court at the instance of appellees' counsel did not contain the law of the case.

2. That the court erred in modifying the instruction No. 1 asked for by appellants.

3. That the court erred in refusing to permit the witness, Wolf, to answer certain questions propounded to him by appellants, etc.

The instruction given for the appellee is as follows: "If the jury find from all the evidence that the coke of the plaintiff was lying in a barge at plaintiffs' usual place of mooring barges, at the shore of the Ohio River, and that the Mollie Pyle, a boat coming down the river, in the possession of the defendants, and that the said Pyle, by reason of the careless or wrongful management thereof, ran into the barge containing coke belonging to the plaintiff, and that the coke of the plaintiffs was damaged or destroyed thereby, they must find for the plaintiffs the amount of such damages, not exceeding three thousand dollars, unless they shall believe from the testimony that the barge containing plaintiffs' coke was so carelessly moored in the river as to obstruct the free navigation thereof by the defendants' boat under ordinary, prudent, and skillful management."

We can perceive no valid objection to this instruction, and if prejudicial to either party it affects the appellees. The jury are told that the appellees can not recover unless the appellants, by their carelessness and want of skill, brought about the collision, and not even then if the boat of appellee was so carelessly moored in the river as to obstruct navigation by defendants' boat under ordinary skill, etc.

It was certainly the duty of the appellants, although the boat of appellees was or might have been moored in the channel of the river at the time, to have used all the skill

that prudent and discreet *boatmen* should have used to avoid the collision; and in the absence of this prudent care the appellees were entitled to recover, unless it was shown that the boat was moored there for the very purpose of having the collision take place.

The jury might have construed this instruction to mean that if the boat of appellees was obstructing navigation, that appellants' boat had the right to sink it, although it might have been avoided with ordinary care and prudence. This view of the law is insisted upon by counsel for the appellants in instruction No. 1 asked by them, and modified by the court, of which they also complain. This instruction is as follows: "If the jury believe from all the evidence that appellees had so placed their boat or boats in the Ohio River as to obstruct the navigation of the same in the ordinary way by the defendants' wood-boat, they must find for the defendants." This instruction the court modified by saying: "Provided the defendants used ordinary care and precaution to avoid the collision." Without this modification of defendants' instruction the legal proposition would have been announced that the appellants had the right with their boat to sink appellees' boat, because it was too far from shore, or in the channel of the river. The modification was essential in order to apply the law of the case to the facts proven. If one places his property in the highway so as to obstruct or interfere with the passage of the traveler, this does not justify the latter in destroying the property, although he has the undoubted right to pass; and if in passing he injures the property, when by proper skill and precaution he could have avoided it, he is liable in damages. This rule does not apply where the obstruction is placed in the highway or river purposely to bring about the collision, nor where the one party is as much in fault as the other. So if the appellants, having the right to navigate the Ohio River with their boat, have it damaged by

an obstruction placed in the channel of the river, or where boats usually run, and which injury the appellants, with the exercise of proper skill and management of their boat, could not prevent, the party thus placing the obstruction in the river would be liable in damages, and the jury were so instructed in this case on the issue presented upon appellants' counter-claim.

The refusal of the court to permit Wolf, one of the stock-holders in the Kenton Iron Company, to answer the questions as to the condition of the company and his interest therein, is no ground for reversal. A jury, it is true, where a party in interest is permitted to testify, should know the extent of that interest, in order to enable them to properly weigh his testimony. Still upon the examination of this witness in chief he stated that he was a stockholder interested in the profits, and his testimony, when elicited, had no bearing upon the main feature of this case, as he did not see the boat until some time after the casualty happened.

Nor was it error in refusing to permit the appellants to prove that other boats had been damaged at this particular locality, as it could throw no light upon the question of negligence made in the case, and if permitted would lead to an investigation of the skill and care of those having charge of boats meeting with a like misfortune.

We see no reason for disturbing the judgment of the court below, and the same is now affirmed.