## STEAMER ST. PATRICK *v.* W. G. EVANS.

**Pleading—Demurrer.**

    Where the declaration, if the proceedings be construed to be a personal action, discloses no cause of action, and if construed to be an admiralty case, the demurrer to the declaration pending in the county court should be sustained, and judgment for plaintiff denied.

APPEAL FROM JEFFERSON COUNTY COURT.

March 6, 1873.

OPINION BY JUDGE HARDIN:

This somewhat anomalous case was commenced by a warrant before a justice of the peace for $95.90, under the enlarged jurisdiction of justices, in Jefferson county; the warrant being against "Captain Hart, owner and master of the steamboat St. Patrick," and the claim being for "freight not delivered, lost and damaged by said boat."

It appears that on a trial of the case the justice rendered a judgment against the defendant for $99.90, from which an appeal was taken to the Jefferson Court of Common Pleas, and thence removed to and prosecuted in the county court.

It further appears that in the county court the plaintiff filed a declaration setting forth his claim for the non-delivery and loss of the freight, not against Hart, but against "The Steamer St. Patrick," which he styled the defendant in the caption of the pleading, and therefore the following written objection was filed by Mr. Brown, as counsel, and overruled by the court: "The defendant, not appearing in this case, objects to the proceedings because no process has been served on any proper party for which the defendants are bound to answer." And the said counsel for the defendant filed a demurrer to the petition substantially on the ground that the plaintiffs claim, as asserted, being of admiralty jurisdiction, could only be prosecuted in a court of the United States. The court overruled the demurrer; and an answer being filed in the name of the Steamer St. Patrick, traversing the allegations of the petition, the law and facts were submitted to and tried by the court, without the intervention of a jury, and the trial resulted in a judgment for the plaintiff for $75, to reverse which this appeal is prosecuted.

It is plain that if the proceeding be construed to be a personal action against Hart, the declaration disclosed no cause of action against him, and as the amount in controversy was such as to require the statement of a cause of action in writing, the judgment was unauthorized for that reason. And if, as seems to have been intended by the plaintiff, his case was one of admiralty jurisdiction, although not characterized in its presentation by all the distinguishing features of such a suit, then the demurrer should have been sustained for want of jurisdiction in the justice and the county court (*Stuart v. Harry*, 3 Bush 438, and cases therein cited).

It results that in either aspect of the case the judgment is erroneous. Wherefore the judgment is reversed and the cases remanded for further proceedings not inconsistent with this opinion.

*Jeff Brown, for appellant.*