## Frankfort Elevator Coal Company v. Prewett.

(Decided January 19, 1926.)

### Appeal from Franklin Circuit Court.

1. Towage—Evidence Held Sufficient to Sustain Verdict for Damages for Barge which was Sunk while Being Towed.—In action to recover for barge sunk while being towed, held, that evidence showing negligence of defendant in towing that type of barge at excessive rate of speed without equipping with splash-board was sufficient to take case to jury and to sustain verdict for plaintiff.

2. Admiralty—State Court had Jurisdiction of Common-Law Action for Damages for Sinking of Barge while Being Towed.—Under federal Judiciary Act 1789, section 9, state court had jurisdiction of proceeding at common law to recover for barge sunk while being towed.

LESLIE W. MORRIS for appellant.

GUY H. BRIGGS and R. W. KEENON for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

The appellant, Frankfort Elevator Coal Company, is engaged in the coal business in Frankfort, Kentucky, and owns one or more power boats which it uses in towing barges on the Kentucky and other rivers. At such times as its tow boats are not being used in its own business it contracts to tow for other people. On September 9, 1923, it contracted with appellee, George Prewett, to tow for him from the Howard ship yards, in Jeffersonville, Indiana, to his ferry on the Kentucky river between Harrodsburg and Lexington a steel barge that had been built for him by Howard Ship Yards & Dock Company, which he expected to equip and use as a ferry boat. Appellant agreed to do so for $50.00, and appellee agreed to pay it that sum for so doing. Pursuant to the contract the officers of appellant corporation instructed the master of their tow boat, Ruth, then in Louisville, Kentucky, to

proceed to the Howard ship yards and pick up the barge in question and tow it to appellee's ferry. That boat proceeded as directed, and about five p. m., September 9, 1923, started up the Ohio river with the barge in tow, proceeding toward its destination. About ten o'clock that night the barge sank. Within a day or two appellant notified appellee of that fact and advised that it would have the barge raised for him if he would agree to pay the expenses. He declined to do so. Whereupon, appellant abandoned the barge, made no efforts to raise it or have it raised or to carry out its contract to tow the barge to appellee's ferry. This action was brought by appellee to recover from appellant the damages suffered by him as result of the sinking of the barge, which he alleged was due to the negligence of appellant and its agents and employees. Appellant traversed the allegations of negligence and the action went to trial upon that issue. The jury found a verdict in favor of appellee for $609.00 and judgment was entered accordingly. Hence the appeal.

The sole ground urged for appellant for a reversal of the judgment herein is that appellee wholly failed to establish by proof any negligence upon the part of its agents and servants in charge of the boat Ruth to which the sinking of the barge in question may be attributed. With that contention we can not agree. It appears that the barge, to be suitable for the business for which it was constructed, was built low at both ends. It appears from the testimony of James E. Howard, one of the executive officers of the company that built it, that appellant's agents and servants, the crew of the Ruth, while at his ship yards and before leaving with the barge in question, discussed among themselves the speed at which they could proceed with the barge, owing to the fact that it was built low fore and aft. Mr. Howard testified that he entered into the discussion of that question with the crew of the Ruth and advised that owing to its construction they should equip the barge with a splash-board before undertaking to tow it. It was shown by Mr. Howard and several other witnesses, who qualified as being acquainted with the towing of barges, under circumstances similar to those here presented, that the prudent and safe manner of towing barges built low fore and aft as this one was would have been to equip it with a splash-board across the bow to prevent waves from passing

vessels and the swell caused by its being pushed forward through the water from running over the head and into it, thus causing it to sink. The evidence beyond contradiction establishes that when appellant's agents and employees left the Howard ship yards with the barge in question it had not been equipped with a splash-board. The evidence for appellant tended to establish that after starting up the river the very condition against which Mr. Howard had warned them arose and they undertook then to use a tarpaulin over the bow of the barge for the purpose for which they had been advised a splash-board should be used. None of the crew of the boat saw or were able to tell exactly how this barge happened to sink. The waves from two steamers which they passed before it sank washed over the head of the barge into it. The evidence for appellee tended to establish that the Ruth was proceeding at her limit of speed when the barge sank, due to the fact that on that trip into Louisville they had picked up a temporary engineer whom they promised to have back at his home in time for his regular business on Monday morning. The evidence as to appellant's negligence in operating its boat at excessive speed, considering the type of barge it was towing, and as to its negligence in towing that type of barge without equipping it with splash-board, unquestionably was sufficient to take the case to the jury and to sustain the verdict found.

By this action the appellee resorted to his common law remedy saved to suitors by the concluding clause of the Federal Judiciary Act of 1789, reading: "Saving to suitors in all cases the right of a common law remedy where the common law is competent to give it," the act as a whole assigning cases in admiralty to the exclusive jurisdiction of federal district courts. If appellee had pursued his remedy in admiralty the federal district court would have had exclusive jurisdiction. Proceeding at common law the state court had jurisdiction. 1 C. J., 1253, sec. 22; Broadwell v. Swigert, et al, 7 B. Mon. 39; Stewart v. Harry, 3 Bush 438; Marshall & Kilpatrick v. H. H. Curtis, etc., 5 Bush 607; Digby, etc. v. Kenton Iron Co., 8 Bush 166. See also numerous federal and state opinions cited under note 67, page 1253, vol. 1, C. J.

No other question as the case was briefed for appellant is presented.

The judgment, therefore, is affirmed.