337 So.2d 1033 (1976)
Dr. Eugene V. STILL, Appellant,
v.
Bernie DIXON, Individually, and Bernie Dixon, d/b/a Dixon's Marina, Appellee.
No. 76-287.
District Court of Appeal of Florida, Second District.
October 8, 1976.
*1034 P. Allen Schofield, and Harry G. Goodheart, III, Bradenton, for appellant.
G. Craig Soria, of Dick Lee, Sarasota, for appellee.
SCHEB, Judge.
The issue on this appeal is whether the circuit court acquired jurisdiction of plaintiff's action for money damages in excess of $2500 for alleged breach of contract and negligence incident to a boat towage contract. The trial court held jurisdiction to be exclusively with the federal court and dismissed plaintiff's complaint. Appellant/plaintiff appeals. We reverse.
Plaintiff alleged he contracted to have his boat towed by the defendant to a prepared mooring, but that defendant abandoned the boat in Gasparilla Bay with him aboard; that as a result his boat overturned and he was forced to cling to its keel until rescued. Plaintiff charged the defendant with negligence and breach of contract; sought damages in excess of $2500; and demanded a trial by jury.
The trial court granted the defendant's motion to dismiss with prejudice, stating in an amended order of dismissal:
"That this action is dismissed in that this Court is without jurisdiction in actions sounding in tort, and/or negligence, and/or Breach of Contract, and/or personal injury when such actions are connected with or incidental to a maritime towage contract and that jurisdiction of such actions are exclusively within the Federal Courts."
Article III, Section 2, of the Constitution of the United States, provides that, "the judicial Power shall extend ... to all Cases of admiralty and maritime Jurisdiction; ... ."
Title 28, United States Code, Section 1333, provides:
"The district courts shall have original jurisdiction, exclusive of courts of the States, of: (1) any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled."
The "saving to suitors in all cases" clause in Section 1333, supra, preserves to a *1035 plaintiff the right to institute common law actions in courts of this state seeking in personam judgments for damages arising from maritime torts and contracts. See Rountree v. A.P. Moller Steamship Co., 218 So.2d 771 (Fla. 1st DCA 1969), in which Chief Judge Wigginton quoted with approval Norris, Maritime Personal Injuries 209, 2d Ed., Section 84, wherein the author stated:
"The common law courts had concurrent jurisdiction with courts of admiralty prior to the adoption of the Constitution in causes of action against a shipowner in contract or in tort when he could be reached personally and money damages only were demanded. The constitutional provision gave to the admiralty courts exclusive jurisdiction wherever admiralty had such exclusive jurisdiction prior to the adoption of the Constitution; and when the jurisdiction was concurrent with the common law courts it remained so.
"The common law remedy saved to suitors is the right to proceed in personam against the defendant wherever the common law is competent to give a remedy. Stated another way, one who holds an in personam claim enforceable by a libel in personam in admiralty, can bring suit at his election in a common law court provided that the jurisdictional requirements of the latter court is met and the remedy sought is one which the common law court had concurrent jurisdiction with admiralty at the time of the adoption of the Constitution." (Emphasis supplied)
To be distinguished are actions in rem, i.e., against a vessel, where exclusive jurisdiction is in the federal courts. The exclusion of state courts in the in rem area is based on such proceeding not being a common law remedy. The Hine v. Trevor, 71 U.S. 555, 571, 18 L.Ed. 451 (1867).
Recognizing that distinctions are not always easy, G. Gilmore and C. Black in Law of Admiralty (1957), state the rule as:
"Where the suit is in personam, it may be brought either in admiralty or, under the saving clause, in an appropriate non-maritime court, by ordinary civil action. Where the suit is in rem, only the admiralty court has jurisdiction." Id. at 36[1]
But, defendant argues, the federal court has exclusive jurisdiction since the plaintiff chose to allege, "1. That this is a suit in admiralty ...," and irrevocably elected to submit to federal jurisdiction. Defendant attempts to support this proposition by Frankfort Elevator Coal Co. v. Prewett, 212 Ky. 457, 279 S.W. 616 (1926), wherein the court stated:
"If appellee had pursued his remedy in admiralty, the federal District Court would have exclusive jurisdiction."
Defendant's reliance is misplaced, however, since even in Frankfort the state court retained jurisdiction and adjudicated the plaintiff's cause, concluding that since the plaintiff pursued a common law remedy saved to suitors by the Section 1333, supra, the state court was properly vested with jurisdiction. Although plaintiff alleged his action to be a "suit in admiralty," this surplus allegation is not an inconsistency as plaintiff was suing on a maritime tort as well as a contract. And, it is maritime law, not state law, that is the substantive law applied in maritime torts accruing on navigable waters in this country, irrespective of whether the action is brought in a state or federal court. See Rountree, supra; Cashell v. Hart, 143 So.2d 559 (Fla. 2d DCA 1962). Moreover, plaintiff was seeking a trial by jury, not ordinarily provided in *1036 admiralty actions in the federal district courts. Gilmore and Black, supra, at p. 31; Sea-Land Services, Inc. v. Gaudet, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974).
Reversed and remanded with directions to reinstate plaintiff's complaint.
GRIMES, Acting C.J., and FOGLE, HARRY W., Associate Judge, concur.
NOTES
[1] The authors point out that certain actions are restricted by statute to the federal courts, e.g., a proceeding to foreclose a preferred ship mortgage under 46 U.S.C. § 951; and that it has been held that a suit under the Death on the High Seas Act, 46 U.S.C. § 761, must be brought on the admiralty side of the federal court and may not be brought at law under the saving clause. Higa v. Transocean Airlines, 230 F.2d 780 (9th Cir.1955). On this latter point, however, see Ledet v. United Aircraft Corp., 10 N.Y.2d 258, 219 N.Y.S.2d 245, 176 N.E.2d 820 (1961), in which the New York court held that it did have jurisdiction of a claim brought under the Death on the High Seas Act. In any event, no such exception is involved in the present case.