PER CURIAM.
The appellant-defendant appeals from an order denying a motion for new trial. It contends that the trial court erred in granting a directed verdict in favor of the appel-lee-plaintiffs at the close of the evidence by reason of the trial court’s failure to apply federal maritime law.
Plaintiffs commenced an in per-sonam action against the defendant by reason of a collision between a freighter operated by the defendant and a small craft from which the plaintiffs were fishing. Plaintiffs’ craft was struck at a designated anchorage area at a site somewhat less than three miles off the southern portion of Miami Beach in the Atlantic Ocean. The specific area of the collision is designated as being embraced within the inland rules of the road. 33 C.F.R. 109, 110.188. Admiralty jurisdiction extends to collisions between small pleasure boats and commercial vehicles. It is obligatory that federal maritime law be applied in both federal and state courts. Moragne v. States Marine Lines, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); Bilbrey v. Weed, 215 So.2d 479 (Fla. 1968). Under maritime law, the doctrine of comparative negligence applies. United States v. Reliable Transfer Co., 421 U.S. 397, 95 S.Ct. 1708, 44 L.Ed.2d 251 (1975).
In the present case, there is evidence which indicates: (1) failure on the part of the plaintiffs to maintain a diligent lookout regarding the approach of the freighter; (2) their unauthorized use of a light; (3) failure to display a red light; and (4) that plaintiffs laid out more anchorline than needed to properly stabilize their craft. From this evidence, the jury might have inferred that plaintiffs’ actions were the partial or sole proximate cause of the injuries complained of. Accordingly, applying the doctrine of comparative negligence, a finding by the jury that plaintiffs were to some degree at fault would require apportionment of the damages.
For the foregoing reasons, the judgment in favor of the appellees is reversed with *427 directions to award the appellant a new trial as to all issues.