## ALLEN v. FRIEDLINE
No. 81-13943-CA
Circuit Court, Duval County
August 6, 1982

Jere D. McWinn, Albert H. Mickler, for the plaintiff.

George D. Gabel, Jr., James J. Taylor, Jr., for defendants.

JOHN E. SANTORA, Circuit Judge.

THIS CAUSE came on to be heard on the motions of defendants to dismiss the complaint and to strike portions of the complaint.

The complaint seeks damages pursuant to the provisions of §786.16 *et seq.,* Florida Statutes, for the wrongful death of plaintiff's decedent arising out of a motorboat accident in the St. Johns River in Jacksonville. It is alleged in the complaint that the motorboat was owned by defendant David P. Friedline, that it was being operated at the time of the accident by defendant Roger James Friedline, and that the plaintiff's decedent was in the motorboat at the time of an allision with the Main Street Bridge in Jacksonville.

Even though the accident out of which this case arose occurred on navigable waters, the "saving to suitors" clause in 28 U.S.C. §1333 preserves to the plaintiff the right to institute his action in state court for damages arising from a maritime tort. See *Rountree v. A.P. Moller Steamship Co.,* 218 So.2d 771 (Fla., 1st D.C.A., 1969). It is maritime law, however, not state law, that is the substantive law applied in maritime torts accruing on navigable waters in this country, irrespective of whether the action is brought in a state or federal court. See *Rountree,* supra; *Cashell v. Hart,* 143 So.2d 559 (Fla., 2d D.C.A., 1962); *Still v. Dixon,* 337 So.2d 1033 (Fla., 2d D.C.A., 1976); *Booth Steamship Co., Ltd. v. Calzada,* 382 So.2d 425 (Fla., 3d D.C.A., 1980).

In 1970 the Supreme Court of the United States created a new cause of action for wrongful death under the general maritime law. *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed 2d 339 (1970). Before *Moragne,* the admiralty law recognized state-created causes of action. Since *Moragne,* however, the wrongful death remedy under the general maritime law precludes recognition in admiralty of state wrongful death statutes. See *Matter of S/S HELENA,* 529 F.2d 744 (5th Cir., 1976).

It is, therefore,

ORDERED:

1. The motion of defendants to dismiss the complaint is granted.

2. Plaintiff is allowed twenty (20) days within which to file an amended complaint setting forth his cause of action under the general maritime law.