**S. & E. BUILDING MATERIALS CO., Inc., Plaintiff,**

v.

**JOSEPH P. DAY, INC. (1), Seacoast Towers "A", Inc. (2), Albion Isthmus Corp. (3), Springfield Fire and Marine Insurance Company (4), Joseph A. Palladino (5), Boro Electric Installation, Inc. (6), and Carlson Hoist & Machine Co., Inc., Defendants.**

**SEACOAST TOWERS "A", INC., and Albion Isthmus Corp., Defendants and Interpleading Plaintiffs,**

v.

**UNITED STATES of America and People of the State of New York, Interpleaded Defendants.**

Civ. No. 60-C-532.

United States District Court
E. D. New York.

Oct. 31, 1960.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York,

Brooklyn, N. Y. (Richard S. Harrell, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for the United States.

Rubin, Baum & Levin, New York City, for Albion Isthmus Corp., et al., defendants and interpleading plaintiffs; Irving Constant, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen. of New York, Samuel Stern, Asst. Atty. Gen., of counsel, for People of State of New York.

ZAVATT, District Judge.

This is an action to foreclose a mechanic's lien that has been removed to this court by the United States, an interpleaded defendant in the State court action. The facts are as follows:

Albion Isthmus Corp. ("Albion") is the general contractor of a private construction project. Palladino is one of its subcontractors to whom the plaintiff furnished materials for the project. The plaintiff filed a mechanic's lien in the sum of approximately $15,000 against the real property comprising the site of the project. This lien was later bonded. The plaintiff brought an action in the Supreme Court Kings County to foreclose its lien and joined as parties defendant: Joseph P. Day, Inc., the owner of the fee; Seacoast Towers "A", Inc., the lessee; Albion, the general contractor; Springfield Fire & Marine Insurance Co., the surety on the bond; Palladino, a subcontractor; Boro Electric Installation, Inc., and Carlson Hoist & Machine Co., Inc., both lienors. The general contractor and the lessee claim that the subcontractor, Palladino, is indebted to the United States for unpaid withholding and unemployment taxes in a sum in excess of $83,000 and that he is indebted to the State of New York for unpaid unemployment insurance payments in a sum in excess of $18,000; that the United States and the State of New York have asserted liens against the subcontractor and that the United States has levied upon and seized all sums of money owing from Al-

bion to the subcontractor. The general contractor denies that it is indebted to the subcontractor. Because of these tax claims by the United States and the State of New York, the general contractor and the lessee interpleaded the United States and the State of New York pursuant to section 285 of the New York Civil Practice Act and served their interpleading complaints upon both interpleaded defendants. These interpleading plaintiffs claimed the right to sue the United States in the New York State action under 28 U.S.C. § 2410 which provides that the United States may be named a party in any civil action or proceeding in any State court, having jurisdiction of the subject matter, "to quiet title to or for the foreclosure of a mortgage or other lien upon any real or personal property on which the United States has or claims a mortgage or other lien."

Upon the petition of the United States the action was removed to this court. The petition alleged that, the action being one to foreclose a lien upon real property situated within the territorial jurisdiction of this court, removal to this court was governed by 28 U.S.C. § 1444. This is the specific removal statute applicable only to state court actions in which the United States is named as a defendant pursuant to 28 U.S.C. § 2410.

The petition alleged, further:

"7. Said action may be removed to this Court by the United States of America pursuant to the provisions of Title 28, United States Code, Section 1441, in that it is a civil action brought in a State court of which the District Court of the United States have original jurisdiction pursuant to Title 28, United States Code, Section 2463."

But having removed, the United States now moves to dismiss the interpleader complaint against it for the reason that the action is not within section 2410. The United States argues that in order to join the United States as a defendant as provided for in section 2410 the private

lien sought to be foreclosed must encumber the same property that the United States' lien encumbers; that here the mechanic's lien encumbers a parcel of improved real property whereas the United States' lien encumbers a debt allegedly owed a subcontractor by the general contractor. Thus, concludes the United States, the conditions of section 2410 have not been met and since the United States has not otherwise waived its sovereign immunity, at least insofar as suits in state court are concerned, the interpleader complaint must be dismissed. However, the United States admits that it has some interest in the litigation, although not the precise interest outlined in section 2410, and therefore it seeks to intervene as a party plaintiff and foreclose its lien as provided for in Rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ With the exception of the State of New York these motions are unopposed. The State of New York does not concede that section 2410 is inapplicable, but contends that even if it is not applicable for the reasons set forth above, the United States has waived its objection by removing the action. But the Supreme Court held to the contrary in State of Minnesota v. United States, 1939, 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235. I hold that the United States has not waived its immunity to suit in this case and the interpleader complaint must be dismissed as to it.

■ Thus it appears that the United States was erroneously interpleaded in the state court. And whether the subsequent removal be viewed as "proper" in order to test that interpleader complaint even though the motion to dismiss might have been made in the state court, or "improper" because the removal provision of section 1444 presupposes an initially correct application of section 2410, the result is the same: a case is in the federal courts that presents no basis for continuing federal jurisdiction. The sole claim to federal jurisdiction was based on the presence of the United States as a party and without such presence there is no further federal interest. Under these circumstances the action to foreclose a mechanic's lien must be remanded to the Supreme Court of Kings County from whence it was removed.

■ The suggestion in the removal petition quoted above that the state interpleader action is for replevy of property detained by the United States does not add anything so far as jurisdiction on removal is concerned. If 28 U.S.C. § 2463, to which the removal petition refers, be read as a grant of jurisdiction and a waiver of sovereign immunity in replevy actions, it is by its own terms a grant conditioned on bringing the action in the federal court. The state court, therefore, had no jurisdiction over the subject matter of that suit. The rule is well established that the jurisdiction of the federal courts on removal is "derivative" in the sense that if the state court had no jurisdiction because the matter is within the exclusive jurisdiction of the federal courts, the federal court on removal acquires none, even though by hypothesis the action might have originally been brought in the federal court. See Lambert Run Coal Co. v. Baltimore & O. R. R., 1922, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671; Hart & Wechsler, The Federal Courts & The Federal System 1029 (1954).

■ As an alternative to remand the United States would have the court entertain a motion to intervene as a party plaintiff, which might cure the present jurisdictional defect. But jurisdiction on removal does not rest on considerations of convenience. The appeal that as long as the case is here, why not decide it, cannot prevail when at issue is the delicate balance of power and interest between the federal and state sovereignties, because jurisdiction in the last analysis is a question of power. See Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., D.C.E.D.N.Y.1958, 166 F. Supp. 319. Furthermore, there is a basic

unfairness in continuing a case in a tribunal whose jurisdiction is doubtful rather than remanding it to a court whose jurisdiction is secure because it exposes the plaintiff to the hazard of having the fruits of his victory deprived him by a final decision that the federal court lacked jurisdiction. When the action is remanded the United States may intervene as a plaintiff in the state court if it feels it desirable to have all the parties bound by the judgment. The only substantial issues in the state court action will be governed by state law; the federal question of the validity of the assessment that underlies the tax lien is not at issue in any event, and therefore the United States is in no way prejudiced by appearing in a state court should it decide to intervene. See Pipola v. Chicco, 2 Cir., 1960, 274 F.2d 909, 913.

Settle an order consistent with this opinion within ten days of the date hereof.