SAMUEL, Judge.
This litigation was commenced when Newell H. Smith, Jr., the present plaintiff, filed a libel in the United States District Court for the Eastern District of Louisiana, New Orleans Division, against Service Contracting, Inc., The California Company and (by amendment) Noble Drilling Company. The libel was brought pursuant to the provisions of the Jones Act and the general maritime law of the United States. It sought damages for injuries allegedly sustained by the libelant on December 11, 1962 on a stationary oil drilling platform located in the Gulf of Mexico off the coast of Louisiana and also sought maintenance and cure in a separate cause of action against Service.
Smith had accepted and received payments from Service’s insurer for the same accident alleged in the libel and a compensation award had been made by the Deputy Commissioner under the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1333(c), which incorporates the remedies of the Longshoremen’s and Harbor Workers’ Compensation Act for employees injured while conducting operations on the Outer Continental Shelf of the Gulf of Mexico. Basing its motion on the acceptance of those benefits and that award, and the fact that Smith had allowed the award to become final without appealing therefrom, Service moved for summary judgment against the libel on the grounds of res judicata and collateral estoppel. After a hearing on the motion the Federal District Court held that the making and acceptance of the compensation award did not bar Smith from asserting his claim against Service. That reported decision is Smith v. Service Contracting, Inc., D.C., 236 F.Supp. 492.
In an attempt to obtain a quicker disposition of his claims, Smith filed the instant suit in the Civil District Court for the Parish of Orleans for the same injuries, damages and maintenance and cure as were involved in the libel. Named defendants herein are the same parties who had been made respondents in the libel and Aetna Casualty & Surety Company and Liberty Mutual Insurance Company, respective insurers of Noble and Service. Plaintiff then dismissed his federal court action as of non-suit and without prejudice. Subsequently he voluntarily dismissed California from this suit and the only remaining defendants were Noble, Service, Aetna and Liberty.
During May of 1965, after California had been dismissed from the suit, plaintiff entered into a compromise with Service and Liberty by which, in consideration of the sum of $20,500 additional to the approximate amount of $3,500 previously paid to him by Liberty, he released and discharged Service, Liberty and California from any and all liability arising out of the accident upon which this suit is based. In the compromise plaintiff specifically reserved all of his rights against Noble and Aetna.
After that compromise had been effected Noble and Aetna sought to remove the case to the federal court on the basis of diversity of citizenship. However, the case was remanded to the state court by the federal court on the ground that it was a Jones Act suit which is not removable. "
Following the remand to the Civil District Court Noble filed a third-party complaint against Service and Liberty seeking judgment over and against those third-party defendants in the event of judgment in favor of the original plaintiff and against Noble. Other pleadings were filed in connection with the third-party petition. But in view of the conclusion we have *38 reached we find it unnecessary to discuss that petition or those other pleadings.
Pertinent here is the filing by Noble and Aetna of a motion for summary judgment against the plaintiff. The motion is based primarily on the contention that having recovered once for his injuries in the compromise and release of his claims against Service, Liberty and California, plaintiff cannot recover again from Noble and Aetna for the same injuries despite the reservation of his rights against Noble and Aetna.
After a hearing on the rule to show cause why the same should not be granted, the trial court rendered a summary judgment dismissing plaintiff’s suit against Noble and Aetna. Plaintiff has prosecuted this appeal therefrom. In this court Noble and Aetna contend for the first time (no objection was made thereto in the trial court) that the state courts have no jurisdiction over the subject matter of this suit for the reason that the Outer Continental Shelf Lands Act vests such jurisdiction exclusively in the federal courts, citing Gravois v. Travelers Indemnity Company, La.App., 173 So.2d 550.
Addressing ourselves first to the jurisdictional question, we note that the failure of Noble and Aetna to object to the jurisdiction prior to appeal is immaterial. Under LSA-C.C.P. Art. 3 jurisdiction of a court over the subject matter of an action, unlike jurisdiction over the person (LSA-C.C.P. Arts. 6 and 7), cannot be conferred by consent of the parties. However, we are of the opinion that the Courts of the State of Louisiana do have jurisdiction over the subject matter in the instant case.
Plaintiff’s petition alleges he was employed by the defendants (Service, California and Noble) as a member of the crew of the motor vessel S-24 which was being jointly operated by the defendants as a tender in oil drilling operations in the Gulf of Mexico; in compliance with orders he went upon the drilling platform which the vessel was tending for the purpose of unloading equipment from the vessel to the platform; and he sustained the injuries for which he filed this suit while on the platform during that unloading operation. From the record before us we are satisfied plaintiff was a seaman, a member of a crew of a vessel, and covered by the Jones Act, 46 U.S.C.A. § 688, at the time he sustained the injuries for which he sues. The case has not been tried on the merits and the record does not establish, as Noble and Aetna contend, that plaintiff was employed only by Service and not by the other defendants.
In view of the fact that on two occasions during the course of this litigation the federal court has found plaintiff was a seaman covered by the Jones Act, we consider unnecessary a further discussion of that question. The two occasions on which the Federal District Court so found involved the motion for summary judgment by Service (Smith v. Service Contracting, Inc., supra) and the remand of this case to the Civil District Court as a result of the attempt by Noble and Aetna to remove the same to the federal court on the basis of diversity of citizenship.
The Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1333(c) (1), specifically excludes members of a crew of a vessel from coverage. Gravois, the case relied on by appellees, is not apposite here. For as the majority opinion carefully points out, the Jones Act was not there applicable. The person for whose death recovery was sought in that suit was not a seaman; he was a member of an installation crew working on a fixed structure in the Gulf of Mexico belonging to his employer, Freeport Sulphur Company. Here the Jones Act, which affords recovery for injury to seamen, and the “saving to suitors” clause of 28 U.S.C.A. § 1333(1), which provides for exclusive jurisdiction in the District Courts of the United States in civil cases of admiralty or maritime jurisdiction “ * * * saving to suitors in *39 all cases all other remedies to which they are otherwise entitled”, are applicable. And, the plaintiff having elected to pursue his remedy in the Courts of the State of Louisiana, those courts do have jurisdiction. Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813; Panama R. Co. v. Vasquez, 271 U.S. 557, 46 S.Ct. 596, 70 L.Ed. 1085; Red Cross Line v. Atlantic Fruit Co., 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582; Sidney v. Lykes Bros. S. S. Co., La.App., 8 So.2d 550; 2 C.J.S. Admiralty §§ 7, 8; 32 Tul.L.Rev. p. 175.
The trial court based its rendition of the summary judgment appealed from on Romero v. Frank’s Casing Crew & Rental Tools, Inc., D.C., 229 F.Supp. 41 (1964), aff’d, 5 Cir, 342 F.2d 999 (1964). In Romero plaintiff brought suit under the Jones Act and the general maritime law against his former employer and its insurance carriers for injuries allegedly sustained while working on a drilling barge in the Gulf of Mexico, joining with those demands a claim for maintenance and cure. Previously he had filed a suit for the same accident against Union Oil Company of California and its drilling contractor, the Offshore Company, for full indemnity by way of damages for all losses resulting from the same injuries. He dismissed that prior suit after compromising his claims against Union and Offshore. In the compromise plaintiff released his claims against Union, Offshore, a second oil company, and their insurers and subrogated the released parties to his claims against Frank’s, the defendant in the cited case, and its insurers up to the amount received by him in the compromise with the understanding that he might proceed against Frank’s and its insurers as to his claims against them. First assuming that plaintiff was a seaman, the federal courts held that, his rights being cumulative, he could recover only once for the one injury and accordingly rendered judgment dismissing his suit against his former employer and its insurers.
Appellant concedes there is no issue as to material fact involved in the motion for summary judgment now before us and that the only question presented by his appeal is whether movers, Noble and Aetna, are entitled to such a judgment as a matter of law. He also concedes the rule of Romero is the prevailing federal jurisprudence on the subject and that, on the material facts here involved, the instant case cannot be distinguished from Romero.
Under these circumstances we must affirm the judgment appealed from. For where, under the “saving to suitors” clause, a Jones Act suit is brought in a state court, the substantive law to be applied is that which would have been applicable had the action been brought in an admiralty court; the state court is bound by the jurisprudence of the federal courts under the Jones Act. Macomber v. De Bardeleben Coal Co., 200 La. 633, 8 So.2d 624; Ursich v. da Rosa, 9 Cir., 328 F.2d 794; 2 Am.Jur.2d, Admiralty §§ 105, 106.
The judgment appealed from is affirmed.
Affirmed.