Brigitte E. **CANILLAS**, Administratrix of the Estate of Joseph Muise, Deceased, and Elaine M. Pina, Administratrix of the Estate of Henry B. Pina, Deceased, and Veronica J. Naves, Administratrix of the Estate of Eugene M. Naves, Deceased, and Mary Pereira, Administratrix of the Estate of Albino M. Pereira, Jr., Deceased, and Martha E. Hill, Administratrix of the Estate of Ezra Hill, Deceased, Plaintiffs,

v.

**JOSEPH H. CARTER, INC., and Harry Kremin, Defendants.**

No. 65 Civ. 3899.

United States District Court
S. D. New York.
Feb. 6, 1968.

Weintraub & Fass, New York City, for defendants; Charles T. Weintraub, New York City, of counsel.

Sanford Konstadt, New York City, for plaintiffs.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

Late in December 1962 the fishing vessel Austin W. disappeared on the high seas and all seamen aboard her were lost.[1] The present action against defendants Joseph Carter, Inc. and Harry Kremin is brought by the administratrices of five of the deceased seamen. The original complaints were laid under the Jones Act[2] and the Death on the High Seas Act.[3] Plaintiffs, alleging negligence on the part of the defendants and the unseaworthiness of the vessel, sought damages for wrongful death, for decedents' pain and suffering and for loss of personal property aboard the vessel.

Defendants now move for summary judgment pursuant to Rule 56, F.R.Civ.P. They contend that they have been discharged from any liability to plaintiffs by reason of general releases executed by plaintiffs in settlement of another suit or suits based on the same disaster.

Plaintiffs consent to the dismissal of the action as against the individual defendant Kremin. However, they assert that on the basis of recently discovered additional facts which cast new light on the liability of the corporate defendant Joseph Carter, Inc. this defendant is not entitled to summary judgment. To give effect to these newly discovered facts, plaintiffs seek leave to file amended complaints under Rule 15(a), F.R.C.P.

In the exercise of the court's discretion plaintiffs are granted leave to amend

---

1. The vessel was dispatched on December 27, 1962, and was to report by ship telephone on December 30, 1962. On December 31, 1962, the defendants notified the Coast Guard that the vessel was missing. A search was conducted until January 4, 1963, but no trace of the vessel, her personnel or equipment was ever found.

2. 46 U.S.C. § 688 (1964).

3. 46 U.S.C. §§ 761–768 (1964).

their complaints, and the motion for summary judgment will be decided on the basis of the pleadings as amended.

## I.

In their amended complaints plaintiffs no longer rely, as they did in their original complaints, on the Jones Act and the Death on the High Seas Act as the bases of liability. Instead they allege a maritime claim for relief in tort under the New York Wrongful Death Statute.[4]

This claim for relief is based on an alleged contractual arrangement between Joseph Carter, Inc. and the vessel Austin W. Plaintiffs claim that under this arrangement Joseph Carter, Inc. had an exclusive option on all fish caught by the vessel in the waters off the New York coast. In turn, the corporate defendant agreed to provide a variety of husbanding services for the vessel, including stores, weather reports and forecasts, and a life boat. It is alleged that the defendant Carter neglected to place aboard the vessel a life boat that had been ordered; that in this and other ways it was negligent in discharging its contractual obligation and that this negligence caused the loss of the vessel Austin W. and the five deceased seamen.

Defendants' motion for summary judgment is based upon general releases executed by these plaintiffs under the following circumstances.

Actions against the Austin W. Fishing Corporation, the documented owner of the lost vessel, were pending in the United States District Court of Massachusetts at the time the present action was commenced in New York. In June 1966, following the commencement by the owners of a limitation of liability proceeding in the Massachusetts district court, each of the plaintiffs here signed a general release. The releases provide, in part, that in consideration of money paid on behalf of the Austin W. Fishing Corporation, the owner, and American Universal Insurance Co., the plaintiff named has "released and forever discharged * * * Austin W. Fishing Corp. and American Universal Insurance Company, their officers, directors, agents, successors and assigns, and the vessel AUSTIN W., and the owners, operators, agents, charterers, masters, officers, and crew of said vessel of and from all and all manner of action and actions * * * claims and demands whatsoever in law, Equity or Admiralty, which against the said Austin W. Fishing Corporation and American Universal Insurance Company, their officers, directors, agents, successors and assigns and the vessel AUSTIN W., and the owners, operators, agents, charterers, masters, officers and crew of said vessel * * * [the releasing party in any capacity] * * * ever had, now * * * has * * *, or which * * * [the deceased's] * * * heirs, executors, administrators, successors, or assigns hereafter can, shall or may have. * * *."

The claims released are spelled out in very broad language which includes almost every conceivable type of claim, suit, cause of action, controversy, contract or demand, and also includes, but is not limited to, all manner of loss or damage arising from the loss of the decedent at sea and any conscious pain and suffering the decedent may have undergone.

The consideration paid for the five releases totaled $120,500, and ranged from $12,000 to $31,500. The defendant Carter, Inc. did not contribute to the settlements.

Plaintiffs do not allege any inherent unfairness in the settlements or any fraud or overreaching in connection with them. They simply claim that the damages were greater than the amounts they received.

Both parties take the position that if defendant Carter is liable at all it is liable as a joint tort feasor and the motion will be decided on that assumption.

Thus, the issue on this motion for summary judgment is whether Carter is discharged from liability by the releases

---

4. N.Y. Decedent Estate Law, McKinney's Consol.Laws, c. 13, § 130.

executed by the plaintiffs in settlement of the federal actions in Massachusetts. There is no doubt that the claims alleged in the amended complaint at bar are within the scope of the releases. The sole question is the effect of a release given to one tortfeasor on the liability of joint tortfeasors who are not specifically mentioned in the release.

## II.

■ The threshold question is whether state or federal law governs the effect to be given to the releases. This in turn depends upon the nature of the claims for relief set forth in the amended complaint. It is clear that if the amended complaint alleges federal claims the question of whether or not a release extinguishes these rights is to be decided under federal law. See Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). See also Dice v. Akron C. & Y. R. Co., 342 U.S. 359, 72 S.Ct. 312, 96 L.Ed. 398 (1952); Panichella v. Pennsylvania R. Co., 268 F.2d 72 (3d Cir. 1959), cert. denied, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960). On the other hand, if the plaintiffs are asserting rights under state law, state law may govern the effect to be given the release. See Bensen v. Jackson, 238 F.Supp. 309 (D.Pa.1965).

■ The death of the seamen occurred on the high seas; thus the cause of action for wrongful death against the defendants is governed exclusively by federal law, applied by the federal courts sitting in admiralty under the Death on the High Seas Act. See Middleton v. Luckenbach S. S. Co., 70 F.2d 326 (2d Cir.), cert. denied, 293 U.S. 577, 55 S.Ct. 89, 79 L.Ed. 674 (1934); Montgomery v. Goodyear Tire & Rubber Co., 231 F. Supp. 447 (S.D.N.Y.1964); Devlin v. Flying Tiger Lines, Inc., 220 F.Supp. 924 (S.D.N.Y.1963); Abbott v. United States, 207 F.Supp. 468 (S.D.N.Y.1962); Williams v. Moran, Proctor, Mueser & Rutledge, 205 F.Supp. 208 (S.D.N.Y. 1962). Moreover, even if the suit had been entertained by a New York court on the theory, discredited in this district,[5] that there is concurrent jurisdiction in the state and federal courts, the state courts must apply federal substantive law in this area of federal supremacy. See Ledet v. United Aircraft Corp., 10 N.Y. 2d 258, 219 N.Y.S.2d 245, 176 N.E.2d 820 (1961). Therefore, it is clear that the claim for damages for wrongful death on the high seas is governed by federal law.

■ It is also clear, however, that the Death on the High Seas Act makes no provision for recovery of the decedent's conscious pain and suffering in an action brought by his administratrix, and no general maritime rule provides for the survival of this claim. See, e. g., Abbott v. United States, 207 F.Supp. 468 (S.D. N.Y.1962). The silence of the Death on the High Seas Act on this subject does not cut off a claim for ante mortem pain and suffering. If such a claim is available under applicable state law, the federal courts will entertain it. See Safir v. Compagnie Generale Transatlantique, 241 F.Supp. 501 (E.D.N.Y.1965); Montgomery v. Goodyear Tire & Rubber Co., 231 F.Supp. 447 (S.D.N.Y.1964); Abbott v. United States, 207 F.Supp. 468 (S.D. N.Y.1962); Petition of Gulf Oil Corp. for Limitation of or Exoneration from Liability as Owner of the Tank Vessel Gulfstream, 172 F.Supp. 911 (S.D.N.Y.1959). In the instant case, the alleged tortfeasor is neither the owner nor operator of the vessel. Under these circumstances, the federal courts have applied the law of the tortfeasor's domicile in determining whether an ante mortem claim survives the claimant's death. See Abbott v. United States, 207 F.Supp. 468 (S.D. N.Y.1962). Here, the defendant-tortfeasor is a New York corporation and is deemed a domiciliary of New York; therefore the federal courts will look to the New York law.

■ Section 119 of the New York Decedent's Estate Law, nowhere mentioned by the plaintiffs, provides for the survival of claims for a decedent's con-

---

5. See Devlin v. Flying Tiger Lines, Inc., 220 F.Supp. 924 (SD.N.Y.1963).

**52**

scious pain and suffering. The New York statute implements the plaintiffs' maritime claims but the federal character of all of these claims is not altered by the reference to state law. See Safir v. Compagnie Generale Transatlantique, supra; Petition of Gulf Oil Corp. etc., supra. Hence, the tort claims for wrongful death and for ante mortem pain and suffering in this case are governed by federal law, and the effect of releases, given by the plaintiffs in the course of the federal proceedings in Massachusetts on the federal claims in the present action, is likewise governed by federal law.

There is no merit to the bald position taken by plaintiffs without citation of authority that Massachusetts law applies.[6] Moreover, the additional question which might be present if state law applied as to whether New York or Massachusetts law should govern, is academic in the circumstances and need not be determined here.

### III.

Basically there are three different rules dealing with the effect of a release given to one joint tortfeasor upon the liability of the joint tortfeasors who are not parties to the release and who have not furnished the consideration therefor.

First there is the strict common law rule that a release given to one joint tortfeasor releases all other joint tortfeasors under all circumstances, even if the release expressly reserves rights against them.[7]

Second, there is the rule applied in a great many jurisdictions, including New York, and found in the Restatement of Torts,[8] to the effect that the release of one tortfeasor releases all who are jointly liable unless the release expressly reserves rights against the other joint tortfeasors.

Finally, there is the rule in Massachusetts and in the few states which have adopted the Uniform Contribution Among Joint Tortfeasors Act, that the release of one joint tortfeasor does *not* operate to release the others, unless the release expressly so provides.[9]

Existing case law on the subject does not furnish any clear guidelines as to which of these rules should be applied as a matter of federal law in this type of case.

One recent case, Romero v. Frank's Casing Crew & Rental Tools, Inc., 229 F.Supp 41 (D.La.), aff'd, 342 F.2d 999 (5th Cir. 1964), applies the common law rule, holding that the release of one tortfeasor releases all others regardless of a reservation of rights against others in

---

**6.** The Massachusetts statute upon which the plaintiffs rely states:

"When a release or a covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury:

(a) It shall not discharge any of the other tortfeasors from liability for the injury unless its terms so provide; but it shall reduce the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

(b) It shall discharge the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor."

Contribution Among Joint Tortfeasors, Mass.Ann.Laws, ch. 231B, § 4 (1966 Supp.).

The Massachusetts statute specifically provides that it applies only to torts committed after January 1, 1963. Thus, even if the plaintiffs should prevail on their claim that Massachusetts law governs, it is questionable whether they would have the benefit of the new Massachusetts statute since plaintiffs' papers state only that the decedents died on or about December 30, 1962.

**7.** See W. Prosser, Torts at 243–245 (1955 ed.).

**8.** Restatement Torts, § 885 (1939).

**9.** See Uniform Contribution Among Tortfeasors Act, § 4 (1939). Massachusetts has adopted the 1955 version of the Uniform Act. The section with which we are concerned is basically the same in the two acts. For the text of the § 4 of the 1955 Uniform Act see note 6 supra.

the release.[10] But such a rule seems too harsh, particularly in the case of seamen for whom the courts traditionally have had special solicitude. See generally Garrett v. Moore-McCormack Co., 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239 (1942). See also Hassan v. A. M. Landry & Son, Inc., 321 F.2d 570 (5th Cir. 1963); Kelcey v. Tankers Co., Inc., 217 F.2d 541 (2d Cir. 1954); Hume v. Moore-McCormack Lines, Inc., 121 F.2d 336 (2d Cir.), cert. denied, 314 U.S. 684, 62 S.Ct. 188, 86 L.Ed. 547 (1941).

An admiralty case having some relevance to the issue before this court is Muise v. Abbott, 60 F.Supp. 561 (D.Mass. 1945) aff'd, 160 F.2d 590 (1st Cir. 1947). This case held that a release given to a third party did not bar an admiralty action against the shipowner because the shipowner and the third party were not joint tortfeasors. However, the court, by way of dictum, approved the Restatement rule and stated that the release of one joint tortfeasor discharges all others unless the parties to it agree that the release is not to have that effect.

The cases dealing with releases under the analogous Federal Employers' Liability Act are not dispositive of the issue before the court. For example, in Panichella v. Pennsylvania R. Co., 268 F.2d 72 (3d Cir. 1959), cert. denied, 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed.2d 353 (1960), the question was whether the release was an artifice or device to exempt the Railroad from liability proscribed under Section 5 of the FELA, 45 U.S.C. § 55 (1964). The court held it was not and that the release operated to discharge the Railroad. There, the release, the effect of which was held to be governed by federal law, expressly provided for the discharge of all other persons, firms and corporations from liability, and thus was a bar under any of the three rules which have been mentioned.

While there are no Supreme Court cases dealing with the rule applicable to seamen, the court has expressed its views on the appropriate rule in other types of cases. Thus in Aro Mfg. Co. v. Convertible Top Replacement Co., Inc., 377 U.S. 476, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964), a patent infringement case, the court rejected the common law rule as to releases given to a joint tortfeasor and approved the rule of the Restatement.

The Restatement rule has also been applied as a matter of federal law in private civil anti-trust suits. See Twentieth Century-Fox Film Corp. v. Winchester Drive-In Theatre, Inc., 351 F.2d 925 (9th Cir. 1965), cert. denied, 382 U.S. 1011, 86 S.Ct. 620, 15 L.Ed.2d 526 (1966); Dura Electric Lamp Co. v. Westinghouse Electric Corp., 249 F.2d 5 (3d Cir. 1957).

There appears to be no authority for adopting the rule of the Uniform Contribution Among Tortfeasors Act as the federal rule. Only ten states have adopted the Act and it is not the prevailing state rule. See generally, Twentieth Century-Fox Film Corp. v. Winchester Drive-In Theatre, Inc., supra.

In my view the Restatement rule approved by the Supreme Court is the proper rule to be applied in this case. It modifies the harsher aspects of the stringent common law rule as is appropriate in a case involving rights of seamen. The requirement that there be an express reservation of rights against joint tort-feasors seems quite reasonable in a situation such as this where substantial consideration has been paid in settlement and there is not the slightest suggestion of overreaching or unfair dealing. If such a radical departure from traditional concepts as is provided by the rule of the Uniform Act is to be adopted this lies within the purview of the Congress rather than the courts and Congress has not seen fit to adopt such legislation.

■ I hold therefore that the Restatement Rule applies here and that since the

10. Certiorari has been applied for in Smith v. Service Contracting, Inc., 199 So.2d 36 (Ct. of Appeals La.1967), petition for cert. filed Smith v. Noble Drilling Corp.,

390 U.S. 143, 88 S.Ct. 841, 19 L.Ed.2d 970 (Sept. 25, 1967). In *Smith*, a state court applying federal law in a Jones Act case, followed the rule of *Romero*.

releases given in the Massachusetts litigation contain no reservation of rights against the joint tortfeasor, defendant Carter, Inc., they operate to discharge Carter and are a bar to this action.

The defendants' motion for summary judgment is granted.

It is so ordered.