**MIAMI PARTS & SPRING, INC.,**
Appellant,

v.

**CHAMPION SPARK PLUG COMPANY,**
Appellee.

**No. 25182.**

United States Court of Appeals
Fifth Circuit.

Oct. 24, 1968.

**84**

Philip Bloom, Miami, Fla., Mortimer B. Wolf, New York City, for appellant.

Earl D. Waldin, Jr., Miami, Fla., for appellee.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

This anti-trust action has been before the Fifth Circuit Court of Appeals earlier under the caption, Miami Parts and Spring, Inc. v. Champion Spark Plug Co., 364 F.2d 957 (5 Cir., 1966).

The original action was brought by Miami Parts and Spring, Inc., against Champion Spark Plug Company and Patten Sales Company, as defendant co-conspirators. Thereafter, on stipulation of dismissal Patten was released as a co-joint tort-feasor on October 12, 1964.

After hearing and remand of this case by the Fifth Circuit Court of Appeals on an issue not involved here, pre-trial activities were begun. At the pre-trial on May 29, 1967, attorneys for Miami stated that Miami could not prevail in this action without evidence of the co-conspiracy between Champion and Patten, and this admission *in judicio* was considered by the trial court. As Patten had previously been dismissed as a joint tort-feasor, the trial court granted a motion for summary judgment. The granting of this motion was not error as the release of Patten Sales Company, a joint tort-feasor, was a release of defendant Champion Spark Plug Company, the other joint tort-feasor. Twentieth Century-Fox Film Corp. v. Winchester Drive-In Theatre, 351 F.2d 925 (9 Cir., 1965); Canillas v. Joseph H. Carter, Inc., 280 F.Supp. 48 (S.D.N.Y., 1968); Ayers v. Pastime Amusement Company, 259 F.Supp. 358 (D.C. 1966). The cases on the question establish the rule that federal law governs the effect of a release of joint tort-feasors in anti-trust cases. Twentieth Century-Fox Film Corp. v. Winchester Drive-In Theatre, 351 F.2d 925 (9 Cir., 1965).

The judgment is affirmed.