Chief Judge Desmond (dissenting).
The causes of action here involved (first, third, fifth and seventh) should all be dismissed since, as the complaint alleges and plaintiff asserts and concedes, each is “brought pursuant to Title 46 U. S. C. §§ 761 et seq.”
*262 The statute so cited is the Federal ‘ ‘ Death on the High Seas Act ” enacted in 1920. It provides (§ 1; U. S. Code, tit. 46, § 761) as to deaths caused by wrongful acts on the high seas “ a suit for damages in the district courts of the United States, in admiralty”. Before its enactment neither the maritime law nor the common law furnished any right of action for such a tort (The Harrisburg, 119 U. S. 199). The 1920 Death on the High Seas Act authorized such suits but required that they be brought “ in admiralty ” and admiralty jurisdiction is, of course, reserved to and pre-empted by the Federal judicial power and the Federal courts (U. S. Const., art. Ill, § 2; U. S. Code, tit. 28, § 1333). The courts of New York can exercise no admiralty jurisdiction (Matter of Bird v. Steamboat Josephine, 39 N. Y. 19; Brookman v. Hamill, 43 N. Y. 554). No authorization for this suit can be found in the “ saving clause ” in the Judiciary Act (U. S. Code, tit. 28, § 1333, supra) which preserves “to suitors in all cases all other remedies to which they are otherwise entitled.” No such “other remedy” exists since there is no authorization anywhere, except in the Federal Act of 1920, for such a suit. There must be statutory basis for any wrongful death action and our New York State “ death statute” (Decedent Estate Law, § 130) does not cover when New York State is not the place of the wrong (Kilberg v. Northeast Airlines, 9 N Y 2d 34). This fatal accident occurred in the Gfulf of Mexico and we know of no statute (except the Death on the High Seas Act itself) which licenses a wrongful death suit arising out of a fatal accident in those waters. The “ home port ” cases (Old Dominion S. S. Co. v. Gilmore [The Hamilton], 207 U. S. 398; McDonald v. Mallory, 77 N. Y. 546) do not apply to aircraft.
Plaintiff is not helped by that part (U. S. Code, tit. 46, § 767) of the Death on the High Seas Act which says: “ The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter. ’ ’ There is no New York State statute answering that description and, as mentioned before, these causes of action are specifically brought under the Federal act only.
The New York courts should follow the modern Federal decisions which (as the Appellate Division notes) hold that the Death on the High Seas Act does not permit a suit at law to *263 recover for wrongful death on the high seas (Higa v. Transocean Airlines, 230 F. 2d 780, cert. dsmd. 352 U. S. 802; Turner v. Wilson Line of Mass., 242 F. 2d 414; Noel v. Linea Aeropostal Venezolana, 247 F. 2d 677, cert. den. 355 U. S. 907; National Airlines v. Stiles, 268 F. 2d 400, cert. den. 361 U. S. 885; Wilson v. Transocean Airlines, 121 F. Supp. 85; Iafrate v. Compagnie Generale Transatlantique, 106 F. Supp. 619). Insofar as they are to the contrary, the cases which the Appellate Division followed— Wyman v. Pan Amer. Airways (262 App. Div. 995) and Elliott v. Steinfeldt (254 App. Div. 739) —should be overruled. The Wyman case decision without opinion in this court (293 N. Y. 878) is not relevant since the point was not raised before us or passed on by us.
The order should be reversed, with costs in all courts, the certified question answered in the affirmative, defendant’s motion granted and judgment directed dismissing the first, third, fifth and seventh causes of action.
Judges Dye, Fuld, Froessel, Van Voorhis, Burke and Foster concur in Per Curiam opinion; Chief Judge Desmond dissents in an opinion.
Order affirmed, etc.