**Mary Joan DEVLIN, Executrix of the Estate of John P. Devlin, Deceased,**
and
**Charles Sovel, Administrator of the Estate of Naomi K. Devlin, Deceased, Plaintiffs,**
v.
**The FLYING TIGER LINES, INC.,**
and
**Lockheed Aircraft Corporation**
and
**John Desmond Murray, Defendants.**

United States District Court
S. D. New York.

July 29, 1963.

Freedman, Landy & Lorry, New York City, Greenhill & Speyer, New York City, of counsel, for plaintiffs.

Bigham, Englar, Jones & Houston, New York City, P. G. Pennoyer, Jr., and Frank W. Stuhlman, New York City, of counsel, for defendants Flying Tiger Lines, Inc. and John Desmond Murray.

Mendes & Mount, New York City, for defendant Lockheed Aircraft Corporation.

COOPER, District Judge.

This is a motion by the plaintiffs to remand the action to the Supreme Court, State of New York, County of New York.

Plaintiffs instituted this action for the wrongful death of their decedents, claiming it was caused by the crash of a Flying Tiger Lines airplane on or about September 23, 1962. Suit was brought in the Supreme Court of the State of New York, County of New York, in May, 1963. Thereafter the defendants removed the action to this court pursuant to 28 U.S.C.A. § 1441 asserting complete diversity between the parties.

In their moving papers, plaintiffs correctly point out that John Desmond Murray, one of the defendants, is a citizen of the State of New York, and therefore the action is not removable. 28 U.S.C.A. § 1441(b).

Defendants maintain that this was a mechanical, administrative error in the removal petition, and that the grounds for removal should have been that the case was "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C.A. § 1441(b). Defendants' motion to amend their removal petition so as to set this up as the basis for removal is granted.

The action instituted in the New York State court is based upon the Federal Death on the High Seas Act. 46 U.S.C.A. § 761 et seq. Thus, this is not a problem of jurisdiction of a tort action arising under the general maritime law of the United States. Cf., Romero v. International Terminal Operating Co., 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).

It is clear that this court would have had original jurisdiction of the matter, for the case arises under the laws of the United States and so satisfies the removal requirements of Sec. 1441(b).

Plaintiffs contend, however, that removal of this case is improper for they have an adequate civil remedy in the courts of the State of New York where they will be entitled to a jury trial, a privilege which would be denied them since the Death on the High Seas Act provides, in part, that the " * * * personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty * * * " (46 U.S.C.A. § 761), and this would force a suit in this court on the admiralty side without a jury.

The jurisdiction of a Federal Court in a removal action is derivative, that is, it is dependent upon the issue as to whether the state court from which the action was removed had jurisdiction. In other words, if the state court had no jurisdiction of the subject matter or of the parties, this court can acquire none by removal. Freeman v. Bee Machine Co., Inc., 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943); S & E Building Materials Co. v. Joseph P. Day, Inc., 188 F.Supp. 742 (E.D.N.Y.1960). This is true, even if the action is one which could have been instituted in the District Court originally. Lambert Run Coal Co. v. Baltimore & O. Ry. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); Electronic Race Patrol, Inc. v. National Trailer Convoy, Inc., 191 F.Supp. 364 (S.D.N.Y.1961).

It therefore becomes incumbent upon this court to ascertain whether New York State courts have jurisdiction over

suits under the Federal Death on the High Seas Act. The issue is one of statutory interpretation as to deaths which occur more than one marine league from the shores of the United States. And when Congress declared that the decedent's representative " * * * may maintain a suit * * * in admiralty * * * " (46 U.S.C.A. § 761), was this meant to vest exclusive jurisdiction in the admiralty side of the district courts, or do the states have concurrent jurisdiction?

This court is aware of the New York State decisions holding that the states have concurrent jurisdiction of actions brought under the Death on the High Seas Act. See, e. g., Ledet v. United Aircraft Corporation, 10 N.Y.2d 258, 219 N.Y.S.2d 245, 176 N.E.2d 820 (1961); Elliott v. Steinfeldt, 254 App. Div. 739, 4 N.Y.S.2d 9 (2d Dept. 1938). The rationale of these cases was that the Federal Act merely superseded state-created substantive rights, but did not affect the jurisdiction of the state courts to hear such suits and to provide state procedural remedies.

 New York is one of the very few states which has held that the states have concurrent jurisdiction with the District Courts of actions brought under the Death on the High Seas Act. See, e. g., Bugden v. Trawler Cambridge, 319 Mass. 315, 65 N.E.2d 533 (1946). Though respectful of these decisions, this court is not bound by state court rulings interpreting a Federal statute. See, e. g., Bernstein v. N. V. Nederlandsche-Amerikaansche, etc., 173 F.2d 71 (2d Cir. 1949).

An examination of the Congressional history of the Death on the High Seas Act does not support the theory of concurrent jurisdiction. A part of that history is the following colloquy which took place when the bill came up for passage in the House of Representatives (59 Cong.Rec. 4483—66th Congress, 2d Session, 1920):

"MR. MOORE of Virginia. If that be true, if you give exclusive juris-

diction, there seems to be no necessity for at least a part of section 7, and it therefore appears that in order to remove any doubt as to the exclusive jurisdiction of the admiralty courts, if that is what is desired, that there shall be inserted in section 1 language that will make the exclusive jurisdiction of the admiralty courts clear.

"The courts may take the view that as the bill deals with accidents on the high seas and also with accidents within the territorial limits of the States, then even as to causes of action arising on the high seas the admiralty courts and State courts are to have concurrent jurisdiction. If that view is to be avoided, it strikes me that there could be placed easily in the first section of the bill language that would place the point beyond peradventure of a doubt. I have only seen the bill in the last few moments, and am only stating an impression.

"MR. MONTAGUE. May I suggest —

"MR. VOLSTEAD. I yield to the gentleman.

"MR. MONTAGUE. In reply to the statement of my colleague [Mr. Moore] I will say that jurisdiction upon this subject is found in the Constitution of the United States, and it has been held over and over again by our courts that when the Congress legislates in pursuance of constitutional authority such a law is exclusive. It requires no asseveration in the bill to make it exclusive. It is exclusive by virtue of its superior jurisdiction; therefore, I submit, it is needless to amend this bill now and raise the chance of its defeat by adding a mere adjective when by the very force of the Constitution and the law in pursuance thereof it is inherently and necessarily exclusive.

"MR. VOLSTEAD. My impression is it would be exclusive upon the

theory the gentleman [Mr. Montague] suggests. * * * "

Sec. 7 of the Act (46 U.S.C.A. § 767) reads:

"The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter. Nor shall this chapter apply to the Great Lakes or to any waters within the territorial limits of any State, or to any navigable waters in the Panama Canal Zone."

This section was relied on by the New York State Courts in deciding that the Act was not intended to withdraw jurisdiction from the state courts for deaths occurring beyond the three-mile limit, and that the states could enforce their own procedural remedies. See, Ledet v. United Aircraft Corporation, supra, 219 N.Y.S.2d 247, 176 N.E.2d 821.

As originally introduced, the first sentence of Sec. 7 of the Act read: "That the provisions of any State statutes giving or regulating rights of action or remedies for death shall not be affected by the act as to causes of action accruing within the territorial limits of any State."

Thereafter an amendment was adopted striking out the last clause of this sentence relating to " * * * causes of action accruing within the territorial limits of any State." It appears that the main reason for this change resulted from fears regarding the operation of state wrongful death statutes for deaths occurring on the Great Lakes, and not in order to divest the district courts of exclusive jurisdiction for deaths occurring on the high seas.

Indeed, even after the amendment was proposed, a number of the Representatives expressed the opinion that the district courts would still have exclusive jurisdiction for deaths occurring on the high seas.

"Mr. GOODYKOONTZ. Mr. Speaker, if this bill becomes law the jurisdiction of the admiralty and the State courts will not be concurrent.

The admiralty court will have jurisdiction of the action if the cause of action arose on the high seas or on other navigable waters, and it is not within the power of Congress to further extend such jurisdiction. The jurisdiction of the States, as a matter of course, can not be taken away from them by congressional action. The constitutional clause upon which we predicate this measure gives Congress the power to prescribe a remedy for wrongful death occurring at sea. This power extends "to all cases of admiralty and maritime jurisdiction."

"The object of section 7 of the bill is to manifest a recognition of the jurisdiction of the States as to matters that the State legislatures have the right to deal with. If you were to adopt the amendment proposed by the gentleman from Illinois [Mr. Mann] and eliminate the latter part of the first clause in the seventh section, which reads thus:

As to causes of action accruing within the territorial limits of any State

—

you would defeat the very object which the gentlemen desire to accomplish, namely, the preservation of the authority of the States. The effect of the amendment would be to leave the sentence incomplete and the remaining language, not unlike Mahomet's coffin, suspended between heaven and earth, having no application to anything in particular. Even if you treat this phrase as surplusage, it can do no harm, for the reason that that which is useless does not vitiate the useful. If we follow the line of decisions, beginning with Gibbons against Ogden, and coming on down, we will find that the Federal courts have exclusive jurisdiction whenever Congress exercises a power that may have hitherto remained dormant, and therefore it may be that the class of decisions in State courts, as in Delaware, would fall, except for the pro-

vision which was wisely inserted by experienced lawyers who thrashed the matter out; and I have no doubt but that every word in that paragraph has a very particular and precise bearing and was designed to take care of an important legal situation.

"If the amendment prevails, my judgment is that the State courts and their decisions will be superseded by the exclusive power and authority of the admiralty courts, and such result will be in harmony with the decisions of the Supreme Court in interpreting the commerce clause of the Constitution. I would like to see the bill pass in its present form. If it had been the law at the time the TITANIC went down, the families of those who found a grave in the chilly waters of the great deep would not have gone out of court empty handed."

59 Cong.Rec. 4485–4486 (66th Congress, 2d Sess. 1920)

The statutory language and its legislative history make clear the purpose of the Act in seeking a uniform, effective remedy where virtually none existed before, and compels the conclusion that jurisdiction under the Act for deaths occurring on the high seas was to be vested exclusively in the district court on the admiralty side. In Wilson v. Transocean Airlines, 121 F.Supp. 85, 91 (N.D.Cal.1954), after extensively reciting the legislative history of the Act, the court said at page 90:

"The Death on the High Seas Act was prompted, in large part, by the desire to put an end to the uncertainties attending the application of state statutes to deaths on the high seas. Many of these uncertainties would remain to plague both courts and litigants if the state statutes could still be availed of by suitors. In addition, since the Death on the High Seas Act was drawn with the purpose to afford an exclusive, uniform federal right of action for death on the high seas, the right of

action which it created is not appropriate to serve as a mere supplement to state-created rights of action on the high seas."

This position is supported by other Federal courts. In Iafrate v. Compagnie Generale Transatlantique, 106 F.Supp. 619 (S.D.N.Y.1952), Judge Weinfeld stated at page 621:

"It would, therefore, appear from the language chosen by Congress that the Admiralty Courts have exclusive jurisdiction of such actions. To hold otherwise would mean that the references made to actions and suits in admiralty in the sections quoted are surplusage. It is a basic rule of statutory interpretation that the legislature is presumed to have used no superfluous words and that significance should ordinarily be given to every word in a statute."

In accord with the view of exclusive jurisdiction of the admiralty side of the district court over suits based on the Death on the High Seas Act, see also, D'Aleman v. Pan American World Airways, 259 F.2d 493 (2d Cir. 1958); Noel v. Linea Aeropostal Venezolana, 247 F.2d 677, 66 A.L.R.2d 997 (2d Cir. 1957), cert. denied 355 U.S. 907, 78 S.Ct. 334, 2 L.Ed.2d 262 (1957); Higa v. Transocean Airlines, 230 F.2d 780 (9th Cir. 1955), cert. dismissed 352 U.S. 802, 77 S.Ct. 20, 1 L.Ed.2d 37. I Edelman, Maritime Injury and Death, page 235 (1960 Ed.).

This court therefore holds that jurisdiction of actions based upon the Death on the High Seas Act is vested exclusively in the admiralty side of the district courts.

■■ Since the state court had no jurisdiction of the action, this court cannot acquire any by virtue of removal even though the action could have been instituted here originally. Inasmuch as the action would be dismissed without prejudice to the filing of a libel in admiralty, and since the statute of limitations has not run to prevent the filing of such a new action, this court deems it pointless to go through meaningless acts. Accord-

ingly, this case is transferred to the admiralty side of this court.

This is to be considered an order; no settlement thereof is necessary.

So ordered.