NELLIE POPE, administratrix, *vs.* MOORE-MCCORMACK LINES, INC. May 4, 1971. The declaration in this action of tort and contract contains five counts. A demurrer was sustained to count 5, and the other four counts were disposed of after trial by jury. Count 5 was brought under the Death on the High

Seas Act, 46 U. S. C. §§ 761 et seq. (1964), and the ground of demurrer was that Federal Courts have exclusive jurisdiction of actions under that act. *Boudreau* v. *Boat Andrea G. Corp.* 350 Mass. 473, 475–476. We are now asked to overrule the *Boudreau* case as inconsistent with a dictum in a footnote in the subsequent opinion in *Moragne* v. *States Marine Lines, Inc.* 398 U. S 375, 400, n. 14. See Forde, Concurrent Jurisdiction of State and Federal Courts in Actions Under the Federal Death on the High Seas Act, 1969 Trial Lawyer's Guide 27; Am. Law. Inst., Study of the Division of Jurisdiction between State and Federal Courts, § 1316 and Commentary, pp. 34–35, 236 237. We do not think that dictum is sufficiently clear to induce us to overrule the *Boudreau* case. Count 5 does not purport to state a claim under nonstatutory Federal maritime law, even if such a claim could now be tried in a State court. The defendant's claim that the jury verdict on count 2 renders count 5 moot is left for a court having jurisdiction of the claim stated in count 5.

*Exceptions overruled.*
*David B. Kaplan (Robert S. Wolfe* with him) for the plaintiff.
*Leo F. Glynn* for the defendant.