[Civ. No. 42559. Second Dist., Div. Four. May 15, 1974.]

GRAHAM BRIAN CAIRL, a Minor, etc., et al.,
Plaintiffs and Appellants, v.
BOEING COMPANY, Defendant and Respondent.

## COUNSEL

Miller, Glassman & Browning and Anthony Michael Glassman for Plaintiffs and Appellants.

Kirtland & Packard, Robert C. Packard and Robert E. Moore, Jr., for Defendant and Respondent.

## OPINION

**DUNN, J.**—Plaintiffs appeal from an order ("judgment," Code Civ. Proc., § 581d) dismissing their complaint following the sustaining of the demurrer of defendant, The Boeing Company, which asserted the court had no jurisdiction of the subject matter of the action. (Code Civ. Proc., § 430.10, subd. (a).)

Plaintiffs are the minor children of Earl Raymond Cairl, deceased, who sue through a guardian ad litem. Their verified complaint for alleged wrongful death is in five counts, each of which, excepting the fifth count, alleges decedent fell from a B-52 aircraft, negligently, defectively, etc. designed, manufactured, etc. and warranted by the defendant, at a point "(60) miles west northwest of Thule Air Base, Greenland, which point is located on the high seas beyond a marine league from the shore of any state, or the District of Columbia, or the Territories or dependencies of the United States."

■ Both parties concede the action falls within the federal Death On The High Seas Act (46 U.S.C. §§ 761-767), plaintiffs contending there is concurrent federal and state court jurisdiction of the subject matter and defendant contending that federal court jurisdiction is exclusive.

The first problem, not raised by any party, arises from the fact the fifth cause of action does not allege any location of the death, although the other four causes of this verified complaint do so allege. Absent an allegation that the death occurred anywhere as a result of defendant's conduct, it is difficult to conclude that California's (Code Civ. Proc., § 377), or any state's, wrongful death statute applies or that the Death On The High Seas Act applies. However, we will assume that, if brought to their attention, plaintiffs would amend the fifth cause of action to allege where the accident occurred. In view of the allegations of the other causes of action, they must allege (*Faulkner* v. *Cal. Toll Bridge Authority* (1953) 40 Cal.2d 317, 328 [253 P.2d 659]; *Beatty* v. *Pacific States S. & L. Co.* (1935) 4 Cal.

App.2d 692, 696-697 [41 P.2d 378], that decedent fell to his death at the location alleged in the other verified causes of action. Accordingly, we discuss the problem as though all five causes of action allege his death occurred on the high seas.

The Death On The High Seas Act states, in part (§ 761): "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty . . . ." Cases interpreting this section uniformly have held that state courts are not granted jurisdiction over deaths occurring on the high seas as defined, and, since the suit must be brought in admiralty, United States courts have exclusive jurisdiction; airplane accidents are included within the meaning of this act and the place of accident, i.e., "locale," determines the exercise of admiralty jurisdiction. As stated in *Wilson* v. *Transocean Airlines* (N.D.Cal. 1954) 121 F.Supp. 85, 92: "In applying the 'locality' test for admiralty jurisdiction, the tort is deemed to occur, not where the wrongful act or omission has its inception, but where the impact of the act or omission produces such injury as to give rise to a cause of action."

Cases determining the foregoing rules are legion but, by way of reference, we cite the following: *Trihey* v. *Transocean Air Lines* (9th Cir. 1958) 255 F.2d 824, cert. den. (1958) 358 U.S. 838 [3 L.Ed.2d 74, 79 S.Ct. 62]; *Higa* v. *Transocean Airlines* (9th Cir. 1955) 230 F.2d 780; *Kropp* v. *Douglas Aircraft Co.* (E.D.N.Y. 1971) 329 F.Supp. 447; *Jennings* v. *Goodyear Aircraft Corporation* (D.Del. 1964) 227 F.Supp. 246; *Noel* v. *United Aircraft Corp* (D.Del. 1962) 204 F.Supp. 929; *Noel* v. *Linea Aeropostal Venezolana* (S.D.N.Y. 1956) 144 F.Supp 359; *Kunkel* v. *United States* (S.D.Cal. 1956) 140 F.Supp. 591; 28 So.Cal.L.Rev. 78, Case Notes.

In California, *Gordon* v. *Reynolds* (1960) 187 Cal.App.2d 472 [10 Cal. Rptr. 73] specifically held that California state courts have no jurisdiction over the subject matter of an action brought under the federal Death On The High Seas Act and that federal courts have exclusive jurisdiction. This case has been cited approvingly a number of times. (See, e.g., *Wiener* v. *United Air Lines* (S.D.Cal. 1964) 237 F.Supp. 90, 95; *Hooker* v. *Raytheon Company* (S.D.Cal. 1962) 212 F.Supp. 687, 691-692.

Despite the foregoing, appellants contend the United States Supreme Court decision in *Moragne* v. *States Marine Lines, Inc.* (1970) 398 U.S.

375 [26 L.Ed.2d 339, 90 S.Ct. 1772], and particularly footnotes 1 and 10 thereof, requires a reevaluation of the *Gordon* decision. This court has no authority to overrule the decision of a sister court; at most, we can disagree with it. We do not disagree with *Gordon*. The holding in *Moragne* is not pertinent, inasmuch as the decedent there, a longshoreman, lost his life in the navigable waters of the State of Florida; the United States Supreme Court's decision was concerned with the existence of a cause of action in the state courts for wrongful death of a longshoreman arising from the "unseaworthiness" of a vessel operating within Florida's territorial waters. A decision from another state similarly finding *Moragne* inapplicable, is found in *Pope* v. *Moore-McCormack Lines, Inc.* (1971) 359 Mass. 752 [269 N.E.2d 706], cert. den. (1971) 404 U.S. 882 [30 L.Ed. 2d 164, 92 S.Ct. 211], wherein the Massachusetts court declined to overrule an earlier state court decision on the basis of the dictum contained in *Moragne*.

The order of dismissal (judgment) is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.