[Civ. No. 58385. Second Dist., Div. Five. Nov. 10, 1980.]

ELITA M. TOUHEY et al., Plaintiffs and Appellants, v.
CARNIVALE CRUISE LINES et al., Defendants and Respondents.

COUNSEL

Laufer & Roberts, David Laufer and Kenneth P. Roberts for Plaintiffs and Appellants.

Lillick, McHose & Charles, Francis J. MacLaughlin and Michael J. Faber for Defendants and Respondents.

OPINION

ASHBY, J.—Elita M. Touhey, individually and as guardian ad litem for Michael Richard Touhey, a minor, David Steven Touhey, Donald Patrick Touhey, and John Kevin Touhey (appellants), filed a wrongful death action against defendants (respondents). The trial court dismissed the wrongful death action on the ground that the federal courts had exclusive jurisdiction under the Death on the High Seas Act. (46 U.S.C. § 761.)

In their complaints appellants allege that on June 24, 1976, John A. Touhey, the decedent, was injured while on board respondents' cruise ship and that such injury was the proximate cause of decedent's death. The injury occurred when the cruise ship was on the high seas beyond a marine league from the shore of the United States, its territories or dependencies. Decedent died on June 11, 1977, in the State of California.

Appellants contend that jurisdiction is invoked under the Death on the High Seas Act only when the death itself occurs on the high seas. This contention has no merit.

It is clear that the place where the injury occurs is the crucial factor in determining whether or not the federal courts have exclusive jurisdiction. The Death on the High Seas Act, 46 United States Code section 761, provides: "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued." The purpose of the Death on the High Seas Act is to provide uniformity in wrongful death actions. (*Chapman* v. *City of Grosse Pointe Farms* (6th Cir. 1967) 385 F.2d 962; *Lavello* v. *Danko* (S.D.N.Y. 1959) 175 F.Supp. 92; *Cairl* v. *Boeing Co.* (1974) 39 Cal.App.3d 137 [113 Cal.Rptr. 925]; *Mobil Oil Corp.* v. *Higginbotham* (1978) 436 U.S. 618 [56 L.Ed.2d 581, 98 S.Ct. 2010].) This purpose is accomplished only when the locality test turns on the location of the injury rather than the place where death may finally occur. In *Lacey* v. *L. W. Wiggins Airways* (D.Mass. 1951) 95 F.Supp. 916, 918, it was held "the phrase 'occurring on the high seas'. . .is adjectival of 'wrongful act, neglect, or default,' rather than of 'death.'" Thus the locality where the injury was sustained becomes the operative fact in determining jurisdiction. The fact that death occurred on land approximately one year after the injuries were sustained is irrelevant to a determination of jurisdiction. Admiralty jurisdiction over the incident attached at the moment the injuries were sustained on the high seas. Jurisdiction under the Death on the High Seas Act then attached at decedent's death.

The order of dismissal is affirmed.

Stephens, Acting P. J., and Hastings, J., concurred.