**In the Matter of the COMPLAINT OF EXXON CORPORATION AS BARE-BOAT CHARTERER AND OPERATOR OF the TUG, EXXON OCEAN STATE, for exoneration from or limitation of liability.**

No. 80 Civ. 1814 (RLC).

United States District Court,
S. D. New York.

Sept. 15, 1982.

cannot affect *Mutual Trust*'s ability to recover for the 70% figure that represents the *least*

Joseph F. Ryan and Lawrence J. Bowles, Kirlin, Campbell & Keating, New York City, for plaintiff.

Louis Venezia, Venezia & Haber, New York City, for William Austin estate.

Peter Hirsch, pro se.

Stanley Zawacki, Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for Hartford Fire Ins. Co.

Steve Latham, Twomey, Latham & Schmitt, Riverhead, N. Y., for Roesch claimants and Sobering claimants.

### ENDORSEMENT

ROBERT L. CARTER, District Judge.

Claimants in this limitation of liability action move to reargue their motion to transfer the litigation to the courts of New York State. In the order denying the motion, reargument was invited if the claimants were able to stipulate to a reduction in their claims that would adequately protect petitioner and thus eliminate the need for a limitation proceeding. Claimants have amended their claims to an aggregate amount less than the fund established by Exxon. In addition they have proposed an extensive set of stipulations, modeled after the stipulations in *Lake Tankers Corp. v. Henn,* 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). Exxon contends that the stipulations are inadequate, apparently because surplusage or other ambiguities leave open the possibility of an award in state court that would exceed the size of the limitation fund. In addition, Exxon renews its argu-

damages suffered by it.

ment that the Death on the High Seas Act (DOHSA), 46 U.S.C. §§ 761–768 (1976), vests this court with exclusive jurisdiction over the claim of the estate of Austin and that this proscription against the transfer of that part of the litigation prevents transfer of any other claims.

In its decision to deny transfer, the court did not rule on the exclusivity of federal court jurisdiction for actions based on deaths that occurred beyond the nation's territorial waters. This question has perplexed the district courts for decades and an answer is less clear today than in 1954, when the landmark decision in *Wilson v. Transocean Airlines,* 121 F.Supp. 85 (N.D. Cal.1954) was rendered.

■ At the outset, it should be noted that the estate of Austin did not ground this lawsuit on DOHSA, but elected to rely exclusively on remedies provided by the state of New York. Thus, there is no question of whether state courts may adjudicate claims arising under the act. The question on review is whether the estate must press its claim for wrongful death that occurred on the high seas in federal court, or whether it may rely on state remedies that might be available in state court.

*Wilson* provided a searching examination of the legislative history of DOHSA to support a decision that the act pre-empted any state remedies that might have been available for death on the high seas. *See Wilson, supra,* 121 F.Supp. at 87–91. The analysis in *Wilson* apparently was considered dispositive of the exclusivity issue for many years, but the decision recently has been questioned. *See Rairigh v. Erlbeck,* 488 F.Supp. 865, 866–67 (D.M.D.1980); *Lowe v. Trans World Airlines, Inc.,* 396 F. Supp. 9, 11–12 (S.D.N.Y.1975) (Frankel, J.). Although the discussion in *Wilson* is powerful, the view expressed in *Rairigh* and *Lowe* appears more consistent with modern views of admiralty jurisdiction.

Central to the decision in *Lowe,* and equally essential to the decision here, are the observations that " 'the party who brings a suit is master to decide what law he will rely upon . . .' [citations omitted] [and that] . . . [a]ctions for wrongful death

were known under the laws of many places before DOHSA." *Lowe v. Trans World Airlines, Inc., supra,* 396 F.Supp. at 11. The scholarship of Judge Goodman in *Wilson* does no more than confirm that considerable ambiguity existed in the minds of the legislators who enacted DOHSA and has continued to exist among the courts whether the act was intended to eliminate these traditional, albeit intermittent, remedies. The more plausible interpretation of the act is that it provides a remedy for those claimants who would otherwise be remedyless because the jurisdiction in which their wrongful death claim would arise did not recognize such a claim over deaths on the high seas. *See id.* at 12. If Congress desired to whisk away the previously available state remedies rather than merely complement them with a comprehensive federal enactment, the legislature would be expected to have spoken in more forceful terms. This conclusion is buttressed by the equivocation implicit in section 7 of the act, codified at 46 U.S.C. § 767 (1976), which disclaims that the act alters state statutory remedies for death. The estate of Austin carefully and deliberately chose not to rely on the federal act when it initiated the lawsuit. Having elected to rely on state remedies, such as they may exist, the estate will not be compelled to litigate its claim in federal court and under federal law.

■ The decision of the claimants to stipulate to a reduction in the claims such that the total amount sought does not exceed the limitation fund ordered by the court opens the way to transfer. Peculiarities of the configuration of this lawsuit—particularly the multiplicity of claims and the involvement of both a tugboat and a barge in the collision—necessitate a carefully drawn and complex set of stipulations before the court will be satisfied that its duty to Exxon has been fulfilled. Claimants have proposed stipulations that claimants believe will prevent awards against Exxon in excess of the fund currently established and will allocate any awards between the tug and the barge according to the funds established for each. Exxon has raised objections to these stipulations, but has declined to suggest language that would satisfy it or

to argue that adequate stipulations cannot be drafted. Now that the court has ruled on the DOHSA issue, Exxon must confront the question of the stipulations in good faith.

The motion for reargument is granted. Claimants will be permitted to proceed in state tribunals upon the execution of the appropriate stipulations to limit Exxon's liability and to release Exxon from claims in excess of the limitation. Claimants should submit proposed stipulations to Exxon before October 1, 1982. Exxon should respond with those counterproposals, if any, that it desires on or before October 15, 1982. The stipulations should be filed with the court on or before October 29, 1982.

In addition to the motion to reargue, the parties have submitted to the court several discovery disputes and disciplinary charges. Because the action will be litigated in state court after the appropriate stipulations are executed, these disagreements should be taken up with the court that ultimately has jurisdiction of the underlying lawsuit.

IT IS SO ORDERED.