Ralph J. ALEXANDER, Administrator of the Estate of Arquimedes Concalves Leme

v.

UNITED TECHNOLOGIES CORPORATION.

Ralph J. ALEXANDER, Administrator of the Estate of Roberto De Morase Russo

v.

UNITED TECHNOLOGIES CORPORATION.

Ralph J. ALEXANDER, Administrator of the Estate of Roberto Nascimento Monteiro

v.

UNITED TECHNOLOGIES CORPORATION.

Civ. Nos. H–82–340 to H–82–342.

United States District Court, D. Connecticut.

Sept. 29, 1982.

Lewis J. Roberts, Rabinowitz, Roberts, Sucoll & Hagearty, Hartford, Conn., Robert W. Lewis, Lewis, Wilson, Lewis & Jones, Arlington, Va., for plaintiffs.

John R. FitzGerald, Howard, Kohn, Sprague & FitzGerald, Hartford, Conn., for defendant.

## RULING ON PLAINTIFF'S MOTION TO REMAND

CLARIE, Chief Judge.

These consolidated death actions were initially filed in state court against the defendant, United Technologies Corporation, ("UTC") claiming damages arising under the Connecticut Wrongful Death Statute, Conn.Gen.Stat. § 52–555. The defendant removed the action to federal court on the basis that the plaintiff's claims actually arose under the laws of the United States in that the plaintiff's claims are governed exclusively by the Death on the High Seas Act, 46 U.S.C. § 761 *et seq.* The plaintiff has moved to remand the actions back to the state court, because the complaints in all three actions have claimed relief only under the Connecticut Wrongful Death Statute and have not invoked any federal statute. The Court finds that the plaintiff is entitled to proceed with his state law claims in state court and accordingly remands each of said actions.

### Facts

On March 20, 1980, a helicopter crashed in the Atlantic Ocean, approximately eighty kilometers off the coast of Brazil. The plaintiff was duly appointed Administrator of the estates of the three passengers who died in the crash. He represents that the helicopter was designed and manufactured by the Sikorsky Aircraft Division of the defendant, United Technologies Corporation, a Delaware corporation, having a principal office and place of business in Connecticut. The plaintiff commenced each of these actions in the Connecticut Superior Court under the Connecticut Wrongful Death Statutes, Conn.Gen.Stat. § 52–555, in three counts: (1) strict products liability; (2) breach of warranty; and (3) negligence. The defendant promptly filed a petition for removal, on the grounds that the plaintiff's exclusive remedy for deaths which occurred on the high seas is under the Death on the High Seas Act, 46 U.S.C. § 761 *et seq.* The

defendant then filed a motion to dismiss on the grounds that because the federal remedy is exclusive, the state court was without original jurisdiction and this Court's removal jurisdiction, being derivative in nature, was also lacking. The plaintiff, in turn, moved for remand of these actions back to the state court. The motions were argued originally on June 7, 1982, and when supplemental briefs were filed, further oral argument was requested on September 12, 1982.

## Discussion

The defendant asserts that these actions were removable to this Court under 28 U.S.C. § 1441(b), which states:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residency of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

The defendant does not, and presumably could not claim that this action is removable on the basis of diversity of citizenship and thus relies solely on the first sentence of § 1441(b). The complaints in these actions on their face, however, state no claims arising under any federal law, and instead rely entirely on state law for relief. UTC argues that the exclusive remedy for deaths which occur on the high seas is that afforded by the federal Death on the High Seas Act, 46 U.S.C. § 761 *et seq.* It contends that this federal statute supersedes any state wrongful death recovery which might be available and therefore the plaintiff's actions can be brought only in admiralty pursuant to 46 U.S.C. § 761.

The Death on the High Seas Act (DOHSA) is contained in Title 46, Chapter 21 of the United States Code, 46 U.S.C. §§ 761–768. Section 761 reads as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued."

Section 762 limits the recovery in such a suit to the actual pecuniary loss to the survivors. Section 767 provides for exceptions from the operation of the Act and reads:

"The provisions of any State statute giving or regulating rights of action or remedies for death shall not be affected by this chapter. Nor shall this chapter apply to the Great Lakes or to any waters within the territorial limits of any State, or to any navigable waters in the Panama Canal Zone."

Prior to the enactment of DOHSA, the courts of the states were held to possess sufficient power to provide a wrongful death remedy for deaths which occurred outside their territorial waters on the high seas. *The Hamilton,* 207 U.S. 398, 28 S.Ct. 133, 52 L.Ed. 264 (1907). The power of states to govern the conduct of their own citizens on the high seas was more recently recognized in *Skiriotes v. Florida,* 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193 (1940), where a Florida criminal statute was applied to Florida citizens on the high seas. The Connecticut Supreme Court has held that its state statutes are applicable to torts committed on the high seas. *Kennerson v. Thames Towboat Co.,* 89 Conn. 367, 94 A. 372 (1915).

Where a state statute is an exercise of power traditionally left to the states, a federal statute governing the same field should not be construed to supersede the state statute "unless that was the clear and manifest purpose of Congress." *Rice v. Sante Fe Elevator Corp.,* 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1946);

*Florida Avacado Growers v. Paul,* 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 248 (1962).

■ The language of DOHSA contains no express indication that the federal remedy is exclusive. Section 761 merely grants admiralty jurisdiction to the personal representative who "*may maintain* a suit . . . in admiralty." (Emphasis added). The use of this permissive language indicates an intent to establish concurrent, rather than exclusive jurisdiction. In addition, the express language of Section 767 indicates that DOHSA was not intended to affect existing state remedies. The first sentence of this section would be rendered meaningless if DOHSA were to be construed to supersede existing state remedies for deaths on the high seas. *Safir v. Compagnie Generale Transatlantique,* 241 F.Supp. 501, 508–09 (E.D.N.Y.1965). This Court agrees with the learned opinion of Judge Dooling in the *Safir* case, *supra,* that such a construction "has no affirmative support in the modest language of the Act, which simply grants an admiralty jurisdiction and regulates it." *Id.* at 509. The Court is cognizant that there are some earlier district court cases to the contrary, *see e.g., Devlin v. The Flying Tiger Lines, Inc.,* 220 F.Supp. 924 (S.D.N.Y. 1963); *Wilson v. Transocean Airlines,* 121 F.Supp. 85 (N.D.Cal.1954); however, it is persuaded that the express language of DOHSA does not warrant the conclusion that the statute superseded all existing state remedies.[1] This latter view is in accord with the reasoning in the more recent cases, which recognize concurrent state jurisdiction in this area. *Lowe v. Trans World Airlines,* 396 F.Supp. 9 (S.D.N.Y.1975); *Rairigh v. Erlbeck,* 488 F.Supp. 865 (D.Md. 1980). This conclusion is also supported by the "saving clause" in 28 U.S.C. § 1333 which states:

"The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" (Emphasis added).

The UTC places great emphasis on the Supreme Court case of *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1977). However, in *Higginbotham,* the Supreme Court did not address the issue of whether DOHSA supersedes state wrongful death remedies. The plaintiff survivors in *Higginbotham* brought their claim under DOHSA, but included a claim of damages for loss of society, as well as for their pecuniary loss. The Fifth Circuit allowed such damages to supplement the DOHSA recovery under principles of general maritime law. The Supreme Court granted certiorari limited to the issue of damages for loss of society in an action brought under DOHSA. The issue in *Higginbotham* thus boiled down to a choice between two federal remedies, the nonstatutory remedy afforded by *Moragne v. State Marine Lines,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970), and the statutory remedy afforded by DOHSA. The Supreme Court reversed the judgment of the Fifth Circuit and held that the statutory damage recovery under DOHSA could not be supplemented with a damage claim cognizable under principles of general maritime law.

The Court in *Higginbotham* was not faced with, and therefore did not decide, the precise issue raised in this case. This

---

1. The Court is cognizant of the fact that these cases relied, in part, on the legislative history of DOHSA, to reach the conclusion that DOHSA was intended to place exclusive jurisdiction in the federal courts for deaths on the high seas. The Supreme Court, however, has reviewed the legislative history of DOHSA and refused to reach the same conclusion. In *Moragne v. States Marine Lines,* 398 U.S. 375, 400 n.14, 90 S.Ct. 1772, 1787 n.14, 26 L.Ed.2d 339 (1969), the Court stated: "The only discussion of exclusive jurisdiction in the legislative history is found in the House floor debates, during the course of which Representative Volstead, floor manager of the bill and chairman of the Judiciary Committee, told the members that exclusive jurisdiction would follow necessarily from the fact that the Act would be part of the federal maritime law. 59 Cong.Rec. 4485. This erroneous view disregards the 'saving clause' in 28 U.S.C. § 1333, and the fact that federal maritime law is applicable to suits brought in state courts under the permission of that clause . . . . From this we can derive no expression of policy bearing on the matter under discussion."

Court finds the case of *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), more instructive on the problem presented in this case. In *Executive Jet,* the Supreme Court rejected the locality test as the conclusive test for admiralty jurisdiction. The Court concluded: "[i]t is far more consistent with the history and purpose of admiralty to require also that the wrong bear a significant relationship to traditional maritime activity." *Id.* at 268, 93 S.Ct. at 504. In this case, the plaintiff alleges that defendant is liable for its involvement in the design, manufacture, distribution and sale of a helicopter, which the plaintiff alleges was unreasonably dangerous and the proximate cause of the decedents' deaths. These activities are not significantly connected with traditional maritime activities to invoke exclusive admiralty jurisdiction. *See Lowe v. Trans World Airlines,* 396 F.Supp. 9, 11 (S.D.N.Y.1975).

▆▆▆▆ In this case, the plaintiff has chosen to rest his claim entirely on state law and has deliberately decided not to invoke the remedy provided by DOHSA. The plaintiff is the master of his claim and is entitled to choose the law he will rely upon. *Great Northern Railway v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *State of Connecticut v. Levi Strauss & Co.,* 471 F.Supp. 363, 366 (D.Conn.1979); 1A J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.160 (2d ed. 1982). The defendant is entitled to remove the case to federal court, when the acts complained of are governed exclusively by federal law, however, the essential federal question must appear on the face of the plaintiff's complaint. *Gully v. First National Bank,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). This is not a situation where the plaintiff has inadvertently or fraudulently concealed the federal question in his complaint. Instead, the plaintiff has chosen to rely on the general jurisdiction of the state courts and has carefully pleaded his claims based entirely on state law. *See Levi Strauss & Co., supra* at 366–67; *M. & D. Simon Co. v. R. H. Macy & Co.,* 152 F.Supp. 212, 214 (S.D.N.Y. 1957).

The Court finds that DOHSA is not the exclusive remedy for the legal claims alleged in the plaintiff's complaints and accordingly remands all three cases to the Connecticut courts.

SO ORDERED.