448 So.2d 1090 (1984)
Bonnie B. BAILEY, Personal Representative of the Estate of Clarence W. Bailey, Deceased, Appellant,
v.
CARNIVAL CRUISE LINES, INC., and S.Y. Thompson, et al., Appellees.
No. 83-422.
District Court of Appeal of Florida, Third District.
March 27, 1984.
Rehearing Denied May 4, 1984.
*1091 Colson, Hicks & Eidson and Dean Colson, Miami, for appellant.
Smathers & Thompson and Rodney Earl Walton, Miami, for appellees.
Before SCHWARTZ, C.J., and NESBITT and BASKIN, JJ.
BASKIN, Judge.
This appeal from the trial court's order dismissing an action for damages predicated upon negligence on the high seas resulting in death, presents two questions: first, whether the Death on the High Seas Act (DOHSA), 46 U.S.C., section 761 et seq. (1981), provides the exclusive remedy for negligence on the high seas resulting in death and second, whether DOHSA suits must be instituted only in federal admiralty forums. Rejecting appellant's contention that her action may be maintained under state statutes or decided by state courts, we affirm. We hold that in enacting DOHSA Congress provided an exclusive remedy which must be pursued in a federal admiralty forum. Consequently, DOHSA pre-empts the Florida Wrongful Death Act, section 768, Florida Statutes (1981), for negligence on the high seas resulting in death; Florida courts do not have concurrent jurisdiction over DOHSA actions.
Charles Bailey suffered a heart attack during a cruise on a ship operated by Carnival Cruise Lines, Inc. The personal representative of his estate instituted an action in which she contended that Bailey's death was caused by the company's failure to maintain the ship's emergency medical equipment in working condition and by the company's failure to render proper medical care. Finding that it lacked subject matter jurisdiction, the trial court dismissed the cause. This appeal ensued.
We begin our review by focusing our attention on whether DOHSA provides litigants with the only remedy for negligence resulting in death on the high seas. Appellant argues that in enacting DOHSA, Congress intended that states be permitted to apply state laws to wrongful deaths caused by negligence occurring in international waters.
The law is replete with decisions discussing whether section seven of DOHSA pre-empts state laws which provide remedies for wrongful deaths. We believe that the more persuasive cases are those holding that DOHSA constitutes the exclusive remedy for deaths caused by negligence on the high seas. Those cases further the tradition of achieving uniformity in admiralty law. Decisions addressing the issue include: Bodden v. American Offshore, Inc., 681 F.2d 319, 327 (5th Cir.1982); Heyl v. Carnival Cruise Lines, 1981 AMC 2393 (5th Cir.) (per curiam) (marked "Do not publish")[1], cert. denied, 449 U.S. 1066, 101 *1092 S.Ct. 795, 66 L.Ed.2d 611 (1980); Wilson v. Transocean Airlines, 121 F. Supp. 85 (N.D. Cal. 1954); see also Nygaard v. Peter Pan Seafoods, Inc., 701 F.2d 77 (9th Cir.1983); Vaz Borralho v. Keydril Co., 696 F.2d 379, 384 n. 6 (5th Cir.1983); Hlodan v. Ohio Barge Line, Inc., 611 F.2d 71 (5th Cir.1980); Renner v. Rockwell International Corp., 587 F.2d 1030 (9th Cir.1978); Jennings v. Goodyear Aircraft Corp., 227 F. Supp. 246 (D.Del. 1964); Noel v. United Aircraft Corp., 204 F. Supp. 929 n. 5 (D.Del. 1962); Echavarria v. Atlantic & Caribbean Steam Navigation Co., 10 F. Supp. 677 (E.D.N.Y. 1935); Touhey v. Ross Fous Medical Group, 111 Cal. App.3d 958, 168 Cal. Rptr. 910 (1980); Cairl v. Boeing Co., 39 Cal. App.3d 137, 113 Cal. Rptr. 925 (1974); Gordon v. Reynolds, 187 Cal. App.2d 472, 10 Cal. Rptr. 73 (1960). Contra In re Red Star Towing & Transportation, 552 F. Supp. 367 (S.D.N.Y. 1983); In re Complaint of Exxon, 548 F. Supp. 977 (S.D.N.Y. 1982); Alexander v. United Technologies Corp., 548 F. Supp. 139 (D.Conn. 1982); Lowe v. Trans World Airlines, 396 F. Supp. 9 (S.D.N.Y. 1975); Safir v. Compagnie Generale Transatlantique, 241 F. Supp. 501 (E.D.N.Y. 1965).
We agree with the analysis of the issue expressed in Wilson and Higa v. Transocean Airlines, 230 F.2d 780 (9th Cir.1955), recognizing Congress's intention to have DOHSA provide the sole remedy for redress of negligence on the high seas resulting in death. We adopt the rationale of Wilson and Higa as the foundation for our decision on this issue.
Dugas v. National Aircraft Corp., 438 F.2d 1386 (3rd Cir.1971) cited by appellant is inapposite because the action under review involved both a state survival statute and a DOHSA claim; nevertheless, Dugas agrees that DOHSA supersedes state wrongful death statutes for deaths occurring on the high seas. 438 F.2d at 1388. See also Solomon v. Warren, 540 F.2d 777 (5th Cir.), cert. dismissed sub nom Warren v. Serody, 434 U.S. 801, 98 S.Ct. 28, 54 L.Ed.2d 59 (1977). But see Nygaard (admiralty pre-empts state remedies even in territorial waters); Nelson v. United States, 639 F.2d 469 (9th Cir.1980) (Moragne[2] action applies both to seaworthiness and to negligence).
We turn to the next question: whether a DOHSA action must be brought solely in an admiralty forum. Appellant maintains that section one of the Act supports her contention that state courts may entertain DOHSA actions.
Section 1 of DOHSA provides:
Whenever the death of a person shall be caused by a wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued. (emphasis added)
46 U.S.C. § 761 (1981).
Appellant asserts that the words "the personal representative ... may maintain a suit ... ." permit state courts to apply the federal law of DOHSA to suits filed in state courts even though the alleged negligence occurred beyond state territorial waters. We disagree. DOHSA specifies that lawsuits must be brought in admiralty. Bailey's contention that in DOHSA Congress failed to rebut the presumption of concurrent state court jurisdiction lacks merit. Congress clearly announced the appropriate forum for maintaining DOHSA *1093 lawsuits, thereby limiting the remedy it had created. Our view is supported by Wilson. In Wilson the court examined the language of DOHSA and observed:
[I]n a single sentence the statute both creates a right of action, which did not previously exist, and stipulates that the right is to be enforced in the federal courts of admiralty. The provision that enforcement is to be in admiralty is a limitation on the right itself.
121 F. Supp. at 94.
The court rejected the assertion that Congress provided admiralty as a forum to complement state court review. The court reasoned that DOHSA provided a right of action where none had previously existed.
The court went on to state:
The use of a mandatory word such as "shall" in this context would have been entirely inappropriate. The remainder of the sentence designating the forum is a qualification of the permission to maintain a suit.
Moreover, the construction offered by plaintiff would render the words "in admiralty" mere surplusage. Yet, as plaintiff, herself, notes, "no rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that significance and effect shall, if possible, be accorded every word in a statute." No express permission would have been necessary merely to open the courts of admiralty for the enforcement of the maritime right created by the statute. A suit to enforce a maritime right is a case within the admiralty jurisdiction. The District Courts of the United States have original jurisdiction of "any civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333.
Other language of the Death on the High Seas Act is also persuasive that suits under the Act are exclusively within the jurisdiction of the admiralty courts. Section 5 of the Act provides that:
"If a person die as the result of such wrongful act, neglect, or default as is mentioned in section 1 during the pendency in a court of admiralty of the United States of a suit to recover damages for personal injuries in respect of such act, neglect, or default, the personal representative of the decedent may be substituted as a party and the suit may proceed as a suit under this chapter for the recovery of the compensation provided in section 2 of this act."
If the Congress contemplated that suits enforcing the right of action given by the Death on the High Seas Act should be maintained in courts of law, there would have been no reason to limit the right of substitution granted in Section 5 of the Act to suits for personal injuries which were pending in the admiralty courts.
121 F. Supp. at 94-95.
Congressional committee reports and the floor debate in the House persuaded the court that Congress intended to vest exclusive jurisdiction over DOHSA actions in the admiralty courts. See Senate Report 216, House Report 674, 66th Congress; Vol. 69 Congressional Record, Part 5, pp. 4482-4486, 66th Congress.
Wilson was followed by Higa. In Higa the court agreed that Congress had created a substantive right to be asserted solely in federal courts, in admiralty:
Here, however, the Death on the High Seas Act creates the right to recover for wrongful death and designates not only the federal court for its enforcement, but a particular jurisdiction of that court. The right is a matter of federal law where state courts would have no special competence. There is more here than "the grant of jurisdiction, of itself * *" which indicates that jurisdiction was intended to be exclusive.
230 F.2d at 783. See also Kropp v. Douglas Aircraft Co., 329 F. Supp. 447 (E.D.N.Y. 1971); Pardonnet v. Flying Tiger Line, Inc., 233 F. Supp. 683 (N.D.Ill. 1964); Jennings; Blumenthal v. United States, 189 F. Supp. 439 (E.D.Pa. 1960), aff'd 306 F.2d 16 (3rd Cir.1962).
*1094 We are aware that New York courts, while agreeing that DOHSA provides the exclusive remedy, nevertheless permit DOHSA actions to be decided by New York state courts. Ledet v. United Aircraft Corp., 10 N.Y.2d 258, 219 N.Y.S.2d 245, 176 N.E.2d 820 (1961); Elliott v. Steinfeldt, 254 App.Div. 739, 4 N.Y.S.2d 9 (1938). Additionally, cases which hold that DOHSA is not the exclusive remedy permit DOHSA claims to be pursued in non-admiralty forums. Lowe; In re Complaint of Exxon; Rairigh v. Erlbeck, 488 F. Supp. 865 (D.Maryland 1980); Drakatos v. R.B. Denison, Inc., 493 F. Supp. 942 (E.D.Conn. 1980). These cases present a minority view which we decline to follow.
The Death on the High Seas Act was designed to afford a uniform right of action for deaths resulting from wrongful acts beyond a state's territorial waters. Wilson. Until Congress alters its stated policy, DOHSA actions may not be maintained in state courts.
In Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978), Justice Stevens writing for the Court stated: "[W]hen [DOHSA speaks] directly to a question, the courts are not free to `supplement' Congress' answer so thoroughly that the Act becomes meaningless." 436 U.S. at 625, 98 S.Ct. at 2015. Although we discern no reason why the courts of this state are not competent to entertain DOHSA actions, we are bound by Congress's determination that DOHSA actions are cognizable solely in admiralty. To hold otherwise would be to undermine Congress's answer so thoroughly that DOHSA's directives would be rendered meaningless.
Congress has spoken directly to the question of the authority of state courts to entertain DOHSA claims and has decided that the sole forum for DOHSA actions lies in admiralty. We are, therefore, precluded from holding that Florida courts may take cognizance of DOHSA claims.
Appellant's remaining arguments lack merit.
For these reasons we affirm the trial court's decision.
Affirmed.
SCHWARTZ, Chief Judge (dissenting in part, specially concurring in part)
I would hold that Florida courts have jurisdiction over actions arising under the Death on the High Seas Act. As the Supreme Court recently stated the rule in Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 101 S.Ct. 2870, 69 L.Ed.2d 784 (1981):
The general principle of state-court jurisdiction over cases arising under federal laws is straight-forward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication.
Id. at 477-478, 101 S.Ct. at 2874-2875. See also Charles Dowd Box Co. v. Courtney, 368 U.S. 502, 507-508, 82 S.Ct. 519, 522-523, 7 L.Ed.2d 483 (1962); Claflin v. Houseman, 93 U.S. 130, 136, 23 L.Ed. 833 (1876). Gulf Offshore Co., 453 U.S. at 478, 101 S.Ct. at 2875, holds that an actual presumption exists in favor of state court concurrent jurisdiction over a federally-created action. In the present instance of the DOHSA, that presumption is not effectively overcome in any of the ways Gulf Offshore Co., 453 U.S. at 478, 101 S.Ct. at 2875, indicates it may be: (a) the statutory language itself says only that a DOHSA claim "may" be maintained in admiralty, not that it must be filed there, nor that it may not be in any other forum; see Galveston, H. & S.A.R. Co. v. Wallace, 223 U.S. 481, 32 S.Ct. 205, 56 L.Ed. 516 (1912) (action under original Carmack Amendment, 49 U.S.C. § 620 (1887), providing that an action "might" be brought in federal court, maintainable in state court); Charles Dowd Box Co. v. Courtney, supra, (action under 29 U.S.C. § 185(a), providing that collective bargaining suits "may" be brought in federal court, maintainable in state court); (b) the legislative history, as *1095 the Supreme Court indicated in Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970),[1] is equivocal at best; and (c) there is plainly no incompatibility between a federal interest reflected by the statute and the exercise of state jurisdiction, which is, of course, fully competent to entertain and determine a wrongful death action like this. Accordingly, I believe that such cases as Ledet v. United Aircraft Corp., 10 N.Y.2d 258, 219 N.Y.S.2d 245, 176 N.E.2d 820 (1961), Bugden v. Trawler Cambridge, Inc., 319 Mass. 315, 65 N.E.2d 533 (1946), and Red Star Towing & Transp. Co. v. "Ming Giant," 552 F. Supp. 367 (S.D.N.Y. 1983), which permit state jurisdiction in DOHSA actions, represent the better view and would therefore reverse the order below insofar as it holds otherwise.
I do concur that, on the facts presented, no claim may be maintained under the Florida wrongful death statute. I do not agree with the court that the enactment of the DOHSA preempted such authority under the supremacy clause; indeed, I think that quite the contrary is true. Moragne v. States Marine Lines, Inc., supra, n. 14, Complaint of Exxon Corp., 548 F. Supp. 977 (S.D.N.Y. 1982), Safir v. Compagnie Generale Transatlantique, 241 F. Supp. 501 (E.D.N.Y. 1965).[2] In my opinion, however, Florida, under its own choice-of-law rules, would, to achieve uniformity and ease of application  and since no competing interest is indicated  apply the DOHSA to a death occurring on the high seas beyond its territorial waters. Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980); State Farm Mutual Automobile Ins. Co. v. Olsen, 406 So.2d 1109 (Fla. 1981); Proprietors Ins. Co. v. Valsecchi, 435 So.2d 290 (Fla. 3d DCA 1983) (Schwartz, C.J., dissenting).
NOTES
[1] See United States Court of Appeals, 11th Circuit, Local Rule 25.4 which states:

Unpublished Opinions. Unpublished opinions are precedent. However, because every opinion believed to have precedential value is published, an unpublished opinion should normally be cited only when it (1) establishes the law of the case, (2) is relied upon as a basis for res judicata or collateral estoppel, or (3) involves related facts. If an unpublished opinion is cited, a copy shall be attached to each copy of the brief.
[2] Moragne v. States Marine Lines, Inc., 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970).
[1] In language which casts grave doubt on the analysis in Wilson v. Transocean Airlines, 121 F. Supp. 85 (N.D.Cal. 1954) and Higa v. Transocean Airlines, 230 F.2d 780 (9th Cir.1955), upon which the majority heavily relies, the Court said:

We note that § 1 of the Act, which authorizes "a suit for damages in the district courts of the United States, in admiralty," has been construed to place exclusive jurisdiction on the admiralty side of the federal courts for suits under the Act, e.g., Devlin v. Flying Tiger Lines, Inc., 220 F. Supp. 924 (D.C.S.D.N.Y. 1963), although there was earlier authority to the contrary. Bugden v. Trawler Cambridge, 319 Mass. 315, 65 N.E.2d 533 (1946). If we found from the legislative history that Congress imposed exclusive jurisdiction because of a desire to avoid the presentation of wrongful-death claims to juries, that might support an inference that Congress meant to forbid nonstatutory maritime actions for wrongful death, which might come before state or federal juries. Cf. Fitzgerald v. United States Lines, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). However, that is not the case. The only discussion of exclusive jurisdiction in the legislative history is found in the House floor debates, during the course of which Representative Volstead, floor manager of the bill and chairman of the Judiciary Committee, told the members that exclusive jurisdiction would follow necessarily from the fact that the Act would be part of the federal maritime law. 59 Cong.Rec. 4485. This erroneous view disregards the "saving clause" in 28 U.S.C. § 1333, and the fact that federal maritime law is applicable to suits brought in state courts under the permission of that clause. See n. 1, supra. When asked whether it was true that jury trials would never be available in suits under the Act, Representative Volstead replied: "I do not think so. Perhaps, for certain purposes, under the practice that prevails, they may have a jury, but ordinarily a jury is not allowed. However, I do not know much about admiralty practice." 58 Cong.Rec. 4485. From this we can derive no expression of policy bearing on the matter under discussion. [e.s.]
398 U.S. at 400, n. 14, 90 S.Ct. at 1787, n. 14.
[2] The original version of Section 7 of the DOHSA provided:

The provision of any State statute giving or regulating rights of action or remedies for death shall not be affected by this Act as to causes of action accruing within the territorial limits of any State. [e.s.]
109 Cong.Rec. H4482 (1920). It is highly significant that the emphasized portion was stricken during debate.